WALL'S GUARDIAN vs. COPPEDGE.

1. By the second section of the act concerning dower, Rev. Stat. 1835, the widow of a husband dying, leaving a child or children, became entitled absolutely to a share in the slaves and other personal property, belonging to the husband, at the time of his death, equal to the share of a child of such deceased husband, after the payment of debts; and upon her marriage of a second husband, he becomes entitled to such property, upon reducing it to possession during coverture.

2. In a controversy between the heirs and the husband of the widow of a deceased person, in refererce to his property, the declarations of the widow, are not admissible evidence.

ERROR to Ray Circuit Court.

STATEMENT OF THE CASE.

Defendants in error, by their guardian, brought an action of detinue against plaintiff in error for the recovery of certain slaves.   On the statutory plea the cause was tried at the June term, 1850.

On the trial, defendants in error, plaintiff below, introduced a witness, George, who testified as to the value of the slaves—that they were in possession of defendants before and at the institution of this suit—that before suit plaintiffs demanded them and defendant refused to give them up.   That J. R. Wall died before the suit was brought and that plaintiffs were his only children.

Another witness who proved that John R. Wall died seized of said slaves as his own property, and also their value.   That Janette Coppedge was the widow of said Wall and plaintiffs were his children.

The will of John R. Wall was then read in evidence. The will devised the use of all his real and personal estate to his wife Janette so long as she should remain a widow, or until his son Octavius should arrive at 21 years of age and then as follows: "At which time I wish all my personal estate to be equally divided among my widow, my son Octavius and my daughter Ella, saving to my widow her dower."

Plaintiffs then read in evidence an order of the county court of Ray county for partition of the slaves and the proceedings under that order. Plaintiffs then gave in evidence the declarations of Janette Wall before and after her marriage with defendant to show that she had intended to take and had taken only a life estate in the slaves in suit. Parts of depositions, to prove the same facts and the death of Janette Wall, were then read in evidence by plaintiffs. Evidence of the acts and declarations of Mrs. Wall, at the time the commissioners made partition, was also given. Exceptions were taken to the admission of the evidence of the declaration of Mrs. Wall and to the reading of the depositions. The court on its own motion declared the law of the case, as follows:

"In this case the burthen of proof devolves upon the plaintiffs, and to entitle the plaintiffs to recover, the jury must be satisfied from the evidence of the existence of the following facts: 1st, That John R. Wall died having title to the property in controversy. 2nd, That the plaintiffs are the children of the said John R. Wall, deceased. 3rd, That upon the division of the slaves belonging to the estate of the said John R. Wall, deceased, made by virtue of the proceedings of the county court, that Jennette Coppedge, late widow of the said John R. Wall, elected to take a life estate in the property in controversy instead of an absolute title. 4th, That the defendant was in the possession of the property in controversy at and before the commencement of this suit. 5th, And that before the commencement of this suit and while the defendant was in possession of the property in controversy, the plaintiffs demanded the property in controversy of the defendant, and that the defendant, upon such demand, refused to deliver up to the plaintiffs the property."

"If the jury are satisfied from the evidence of the existence of each one of the facts above stated, they will find for the plaintiffs, and find the value of each slave separately. But if the evidence fails to satisfy the jury of the existence of either one of the five facts above stated, then upon the failure to establish any one of said facts the jury will find for the defendant."

"If the jury find from the evidence that the defendant married the widow of the said John R. Wall, deceased, and that, by virtue of that marriage, he became possessed of the property in controversy, then such marriage and possession invested him with all the title of his said wife to the property in controversy. According to the will read in evidence, the widow, upon her marriage with the defendant, ceased to have any title to the property belonging to the estate of her deceased husband, except her dower, expressly saved to her in that will. There being in the will itself an express saving to her of her dower, she was entitled to apply for and hold her dower in the estate of her husband, according to the provisions of the will, and no renunciation of the will was necessary to enable her to hold the dower thus saved to her by the terms of the will. Her dower in the slaves would be a share equal to a share of a child of her deceased husband, to hold the same absolutely, unless she elected to take a third part of the slaves during her life. The record of the proceedings of the county court, read in evidence, does not show whether she took an estate for life or took the slaves absolutely. If there were but two children of John R. Wall, deceased, then his widow's dower in the slaves would be a third part absolutely, or at her election a third part for life. In the absence of any proof of an election to take an estate for life, the law will presume, when the proposition is the same in either case, that she took an absolute title instead of an estate for life. Unless the jury find from the evidence, that she, upon a division of the property, elected to take an estate for life in the slaves, instead of an absolute title, they will find for the defendants."

To the opinion of the court thus given, defendant excepted. Defendant then asked several instructions which were refused by the court. A verdict was rendered for plaintiffs. Defendant moved for a new trial, which was overruled and excepted to and the case is brought here by writ of error.

Wall's guardian vs. Coppedge.

### HAYDEN, for plaintiff in error.

1. By the will of John R. Wall, his widow, upon his death, became entitled to the use and benefit of all his real and personal estate, until she inter-married with the plaintiff, and upon this marriage, she became then entitled to one-third part of all his personal estate absolutely, the same being an equal proportion thereof with the respective shares bequeathed to his two children, Octavius and Ella Wall. The words, "saving to my widow her dower," in the latter clause of the bequest to her, after the words immediately preceding this clause whereby he directs that his personal estate shall be equally divided between his widow and his said two children, cannot justly be interpreted so as to disparage her right to her equal part of this estate. By the second section of the statute of 1835, title Dower, the widow is entitled, absolutely, to an equal share with the children of the deceased, of his slaves and other personal estate, or, at her option to one-third part of the slaves during her life, and one-third part of the other personal estate absolutely, after the payment of the debts of the deceased.

2. The court below erred, in suffering the plaintiffs to prove by George and other witnesses, the conversations and statements of the widow before and after she inter-married with the appellant, Coppedge, in reference to her belief that the slaves allotted to her as her equal share in the testator's estate, would go to her children, the plaintiffs in this suit; because this evidence did not conduce to show that she had abandoned or surrendered to the children any of her interest or right to the slaves, nor did it prove a gift of them to her children; nor did it conduce to prove any fact involved in the issue in the cause, either in favor of the plaintiff or against the right of the widow. On the contrary it was testimony which was wholly irrelevant and calculated to mislead the jury in the determination of the questions which they were sworn to try.

3. The finding of the jury was against the law and the instructions of the court, and against the evidence, and therefore their verdict ought to have been set aside. The record of the proceedings of the county court of Ray county, in the allotment of the share of the widow in the slaves, was and is conclusive evidence of the right of Coppedge and wife to the slaves now sued for, and the jury was not authorised to find against its verity.

4. The jury found their verdict against the evidence, in assessing damages against the defendant for the detention of the slaves. There was no evidence given to the jury, showing that the slaves had been detained any length of time after the demand made for their delivery to the plaintiffs, prior to the commencement of this suit.

5. If the court shall determine that the estate of Coppedge to the negroes in controversy ceased to exist upon the death of his wife, (the widow of Wall) then the negroes belong to the legal representatives of Wall's estate, and not to the plaintiffs, his children, who do not take by descent, but to obtain the negroes are bound to resort to the legal representative, because the fact that the administrator consented to the widow's taking the slaves during her life, (if such unreasonable construction be given to the proceedings of the county court) then such consent is no evidence that he consented that the children should take possession of the negroes upon the death; and without such consent the plaintiffs cannot maintain this action.

### LEWIS, ABELL & STRINGFELLOW, for defendants in error.

1. No objection is made in the motion for a new trial to the law as declared by the court in the instructions given, nor is there any complaint that the court refused the instructions asked by defendant. The plaintiff in error, is hence, in this court, held to the admissions: 1st That Janette Wall, under whom plaintiff in error claims, took the slaves, not as a legacy, under the will of Jno. R. Wall, but as her dower under the law. This, indeed, is assumed in the instruction asked by plaintiff in error and given by the court: 2d. That Janette Wall was not required to make an election in writing, nor to renounce the provisions of the will, but that it was sufficient to show that she chose to take only a life interest and not an absolute share: Long vs. Story 13 Mo. Rep.

2. It was competent to show by the acts and declarations of Janette Wall, before, at the time and after the partition of the slaves, that she chose one third for life, and not a child's part absolutely. There being no mode prescribed in which a widow shall declare her choice, under the 2d section of the act concerning dower, it is not only competent to show her option by her acts and declarations, but it is the only mode in which it can be shown: Rev. Stat. '45, "dower." In cases in which the share would be different, as where a child's part would be a fourth, the fact that a fourth or third was allotted to and received by her, would be the best evidence of her choice. In this peculiar case, where the share is the same, but the title different, the only proper evidence is her declarations showing her intention, by showing that she preferred to take a life estate and her reasons for such preference: 7 Johnson's R. 501, Dash vs. Van Kleek.

3 By the motion for a new trial, plaintiff in error is confined to objections to the sufficiency of the evidence, and to the competency of evidence of the declarations of Janette Wall. The legal effect of the will in evidence was declared by the court, and its construction submitted to. It cannot now be objected, that as evidence, the will shows an absolute title in the widow. The court, and not the jury, must determine the legal effect in evidence of the will: Fowle vs. Bigelow, 10 Mass. 392: Levy vs. Gadsby 3 Cranch 186: Denison vs. Werte 7 S. & R. 376: Moore vs. Miller 4 S. & R. 278.

RYLAND, J., delivered the opinion of the court.

From the above statement it will be seen, that the main question in this case arises on the will of Jno. R. Wall, the father of the defendants in error who were plaintiffs below.

The plaintiff in error, the defendant below, claims the slaves sued for in right of his late wife Janette Coppedge, who had been the wife of said Jno. R. Wall. Her right was derived under the following clause of the will of her former husband, Wall, namely: "I desire that my wife, Janette, shall have the use and benefit of all my estate, both real and personal, so long as she shall remain my widow, or until my son Octavius Wall, shall arrive at the age of twenty-one years, at which time, I wish my personal estate to be equally divided among my widow, my son Octavius and my daughter Ella, saving to my widow her dower." Under this will it appears, that Janette Wall took possession of the property, real and personal, and used it up to the time of her marriage with the plaintiff in error. After her marriage, under proceedings in the county court of Ray county, partition of the slaves and other personal property was had between Janette and the two children (the plaintiffs below.) The slaves in suit were allotted and partitioned to Janette, then the wife of the plaintiff in error, and the slaves have been in his possession up to the bringing of this action. Janette Coppedge died before the suit was brought.

What estate did Mrs. Janette Coppedge take in these negroes under the will of her former husband?

It is the opinion of this court, that under the will, Mrs. Janette Wall

was entitled to the slaves absolutely, as soon as they were allotted to her as her equal part thereof.

But if there were any doubt as to the estate which she derived, under the will, to these negroes, there can be none under the statute of this State, then in force concerning dower. The will was dated 7th December, 1843, and the record shows it was recorded the 6th February, 1844; between these dates then, John R. Wall died. The Rev. statutes of 1835 were then in force and the act concerning dower governs this case. By the second section of that act, the widow of a husband dying, leaving a child or children, became entitled absolutely to a share in the slaves and other personal property belonging to the husband at the time of his death, equal to the share of a child of such deceased husband, after the payment of debts. Dower act 1835, sec. 2. "Where the husband shall die, leaving a child or children, or other descendants, the widow shall be entitled, absolutely, to a share in the slaves, and other personal estate belonging to the husband at the time of his death, equal to the share of a child of such deceased husband after the payment of debts."

Here the husband died leaving two children only, and the widow became entitled to one third part of the slaves and other personal estate after debts were paid. She and the two children were entitled to the whole, each to one third, and this absolutely.

So it is plain, that either under the will, or under the law, she was entitled to a third part, there being but two children absolutely.

All that was said about election, or making choice of an estate for life, has nothing to do with the partition in this case. Her dower or her share was allotted to her, under this statute, and that share became her own in the negroes absolutely. This settles the case, and will settle it finally between these parties.

The plaintiffs below have no right, either under the will, or under the statute, to the share of the slaves allotted to their mother. These were her own absolute property, and, as such, became the property, upon her marriage, of her husband, Coppedge, he having them in his possession from and after the marriage.

It will not be necessary to notice the admission, as evidence, of Mrs. Janette Coppedge's declarations further than to say, they were not competent evidence and should have been excluded.

The other judges concurring, the judgment below must be reversed.