## STEAM STONECUTTER COMPANY, Respondent, v. WM. B. MYERS, Defendant; CENTER CREEK STONE COMPANY, Appellant.

### Kansas City Court of Appeals, January 20, 1896.

1. **Corporation:** OFFICER DEALING WITH: NOTICE: LIEN FOR PURCHASE PRICE. The rule that, when an officer of a corporation deals with it in his individual interest, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property involved, applies when the officer is dealing with another officer representing the corporation, but does not apply when such officer acts for the corporation as well as himself; and in this case in selling a machine to the corporation, its president represented himself and the corporation both, and the corporation is bound by his knowledge and is not an innocent purchaser for value without notice such as is protected by section 4914, Revised Statutes, 1889.

2. **Trial Practice:** PARTIES DEFENDANT: LIEN FOR PURCHASE PRICE. It is proper in an action for the purchase price of a machine to make the original purchaser and his vendee both parties defendant and settle in the same suit the plaintiff's right to levy its execution on the machine.

Stonecutter Co. v. Myers.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*Geo. P. Whitsett* and *E. O. Brown* for defendant.

(1) Plaintiff can not in this suit maintain its action against defendant Myers on an account and also charge the property in the hands of Myers' vendee, defendant Center Creek Stone Company, with a lien for the purchase price, even though it might be true, which we deny, that defendant company took the machinery in question with knowledge that defendant Myers had not paid the entire purchase price therefor. *Phillips v. Flynn,* 71 Mo. 424. (2) There is no cause of action stated in plaintiff's amended petition against Center Creek Stone Company. This defendant had no interest in the controversy between plaintiff and defendant Wm. B. Myers and could not properly be yoked up as a codefendant with said Myers in this action. *Mullen v. Hewitt,* 103 Mo. 639; *Atchinson, etc., v. Sumner Co.,* 51 Kan. 617; *Clark v. Ins. Co.,* 52 Mo. 275. (3) The finding of fact made by the court below and the decree entered thereon were entirely beyond its scope and authority, and wholly without warrant or authority in law, even though such finding and judgment had been warranted by the testimony. Section 4913, Revised Statutes, 1889, under which plaintiff seeks its remedy, is a statute of exceptions, only, and does not give the vendor a lien on property sold, for the purchase price. *Corning & Co. v. Medicine Co.,* 46 Mo. App. 261; *Strauss v. Rotham,* 102 Mo. 261; *Woolfolk v. Kemper,* 31 Mo. App. 421; *Merry v. Freeman,* 44 Mo. 518; *Almut v. Leeper,* 48 Mo. 319. (4) When an officer of a corporation is dealing with it in

his own interest, opposed to the corporation's interest, he must be held not to represent the corporation in the transaction so as to charge it with the knowledge he may possess, but which he has not communicated to it and which ,it does not otherwise possess of facts derogatory to the title he conveys. *Barnes v. Trenton*, 27 N. J. Eq. 33; Story on Agency, 140; *Ins. Co. v. Sariever*, 3 Md. 381. Neither acts nor knowledge of an officer will bind the corporation where he acts for himself. 17 Am. and Eng. Encyclopedia of Law, p. 140; *Bank v. Gifford*, 47 Iowa, 575; *Koehler v. Dodge*, 47 N. W. Rep. 913; 18 Kansas, 481; *Benton v. Bank*, 122 Mo. 332; *Savings Ass'n v. Nixon-Jones Print Co.*, 25 Mo. App. 642; *Brass Co. v. Webster G. & Q. Co.*, 37 Mo. App. 145; *Johnston v. Shortridge*, 93 Mo. 227.

*McReynolds & Halliburton* for respondent.

(1) Appellant has waived the objection of mis-joinder of parties defendant, by answering to the merits after the overruling of its demurrer. *Planing Mill v. Presbyterian Church*, 54 Mo. 520; *Leucke v. Tredway*, 45 Mo. App. 507; *Cook v. Tull*, 111 Mo. 283. And he can not raise it by a general demurrer to the evidence. *Crenshaw v. Ullman*, 113 Mo. 633. And can not be raised by motion in arrest. *Reugger v. Lindenberger*, 53 Mo. 364. By answering, defendant abandons his ground of demurrer and submits to the jurisdiction of the court. *Greeley v. Cohen*, 7 Mo. App. 596. (2) A purchaser of property from vendee with notice that the purchase price is unpaid is not a necessary party in a suit for the purchase price, but does it follow that he is not a proper party and bringing him into court, and having a finding that he is not a purchaser for value without notice, or that he purchased with notice of the unpaid purchase money is

improper or reversible error. *Bedsworth v. Bowman*, 104 Mo. 44; *Gabriel v. Mullen*, 111 Mo. 131. (3) Hawes on Parties [Pony Edition], section 18, speaking of parties to actions, uses this language: "Third, where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter that may be conveniently settled in the suit and thereby prevent further litigation, he may be a party or not at the option of the complainant," citing to sustain the proposition. *Wormsley v. Wormsley*, 8 Wheat, 422; *Williams v. Bankhead*, 19 Wall, 571; *Shields v. Barron*, 17 How. 139; *Tobin v. Walkinshaw*, 1 McAll, 31; *Birdwell v. Butler*, 13 Texas, 341.

GILL, J.—This case arose out of the following facts: William B. Myers owned some stone land in Jasper county, Missouri, and in December, 1892, organized the Center Creek Stone Company, with a capital of $30,000, one half paid-up shares, distributed as follows: One Laycock, one hundred and fifty shares; Wm. B. Myers, one hundred shares; Carl C. Myers (a son of Wm. B.), fifty shares. William B. Myers, president, wrote to plaintiff for prices on a machine to be used by said Center Creek Stone Company. The correspondence was afterwards carried on between Wm. B. Myers and plaintiff and culminated in Myers ordering and in plaintiff shipping to Wm. B. Myers a machine, at the price of $1,600, on February 16, 1893. The Center Creek Stone Company organized by making William B. Myers president and Carl C. Myers secretary. The evidence shows that Laycock, while a director, never had anything to do with the business of the company, or its management; that Carl C. Myers was taken sick just after the organization of the company and at the time Wm. B. Myers ordered the machine was confined to his bed, and soon thereafter died. Wm. B. Myers had full

charge and management of the affairs of the company from the time of its organization to date of trial. On receipt of the machine William B. Myers sent plaintiff a check for $600 and his individual note for $1,000 and immediately erected the machine on the land of the Center Creek Stone Company, and claims that he sold it to said company and that they paid him for it. It is still on the ground of the company and being used by it; and Myers is still president and general manager of the company. The note being long past due, the plaintiff commenced this suit on the original account for the purchase price, tendering the note back and depositing it in court, against Wm. B. Myers, and also made the Center Creek Stone Company defendant, alleging that it took the machine from Myers with full knowledge that the purchase price was unpaid; and that if it had paid Myers, it had done so with notice of the unpaid purchase money due plaintiff, and was not an innocent purchaser for value. Appellant demurred for misjoinder of parties defendant, which was overruled and appellant answered, admitting the incorporation of respondent and appellant and denying generally other allegations in the petition. Defendant Myers, filed no answer. The court after hearing the evidence made a finding of facts about as above stated, and that said Myers owed the plaintiff a balance on said machine, which, with interest, amounted to $1,128.35; and ordered, adjudged, and decreed "that plaintiff have and recover of defendant William B. Myers, the sum of $1,128.35 and costs of this case, and that said judgment be and is hereby declared to be for the balance of the purchase price of one double gang stone channeling machine number 346, which said machine is now in the possession of the defendant, the Center Creek Stone Company, and that defendant, the Center Creek Stone Company, purchased said machinery with notice that the purchase price

due plaintiff for said machinery was unpaid and that execution issue accordingly."

From this judgment, the Center Creek Stone Company appealed.

I.    The defendant stone company seeks to defeat the purposes of this action on the alleged claim that it was an innocent purchaser for value of the machine, without notice that Myers had not paid therefor.   It is well settled that notice to, or acquired by, the officer or agent of a corporation, while in the performance of its business, is notice to, or knowledge of, the corporation. But it is contended here that even though Myers was the president and manager of the defendant corporation, yet in selling the machine to it he was acting for himself and not for his company; that his knowledge, therefore, was not that of the defendant.   This contention is based on the general rule, as stated in *Bank v. Lovitt*, 114 Mo. 519, that:   "When an officer of a corporation is dealing with it in his individual interest, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property, which is the subject of the transaction."   I do not think the defendant stone company ought to be allowed to shield the property in controversy under cover of the foregoing rule.   That principle has usually, if not always, found its application when one officer of the corporation shall have notice and then deal with other officers; and it is held in such cases that he does not, in the particular transaction, represent the corporation, but himself alone; and hence the knowledge he has under such circumstances, he is under no obligation to disclose; and hence his corporation principal will not be deemed to have notice.   As, for example, in the *Lovitt* case, above cited, the bank sued on a note made by the defendant to Dickinson, who was vice president of the bank.   Dickinson sold and tranferred the note,

before maturity, to the bank. The defense was want of consideration and knowledge thereof by the bank, because Dickinson, one of its officers, had knowledge thereof and his knowledge, it was claimed, was chargeable to the bank. The evidence in that case showed that Dickinson negotiated the discount with Clark, the bank's president. The trial court declined to instruct that knowledge of Dickinson, the vice president, was knowledge of the bank, and the supreme court upheld that ruling. After stating the general rule that notice to an officer or agent while transacting the business of the principal, is notice to such principal, Judge BLACK, speaking for the court, says: "But the reason of the rule ceases when the agent acts for himself and *not* his principal, and the rule ought not to apply in that case. * * * Dickinson in offering the note to the bank for discount, represented his own personal interest, and Clark, the president, represented the bank." And therefore it was held that the bank was not chargeable with Dickinson's knowledge of uncommunicated facts affecting his title to the note.

The case in hand is quite different from that just noticed. Here Myers, who bought the machine from plaintiff and who immediately turned it over to the defendant stone company, was not only acting for himself as an individual, but as well personated the defendant company; he was its *alter ego*. It was nothing without him; he was, in fact, *the corporation,* if the expression can be allowed. There were but three persons even *nominally* concerned in the organization of the company. One of these, Laycock, paid no attention to the conduct of the business; and the other, Myers, Jr., son of Wm. B., was on his deathbed at the time and died soon thereafter. There was, then, the one person and only one, W. B. Myers, who could, or did, represent the defendant corporation, or who

could receive notice or acquire knowledge of the fact that the machine was not paid for. The presumption, then, that when the officer of a corporation is found selling an article to the company, he is not at the time and in that particular transaction representing the corporation but his own interest only, must give way in face of the fact that he did, in truth, stand for the corporation; that he was the only party who could represent it; that, in fact, he was the corporation itself. One individual may act for and in behalf of both parties—vendor and vendee—provided only that all so understand it and consent thereto.

The whole matter, then, is this: W. B. Myers, as president and sole manager of the defendant stone company, purchased the machine from the individual W. B. Myers, and at the time said officer acquired and had full knowledge that there was a balance due thereon. This knowledge bound the corporation for whom Myers was acting, and hence it can not be classed as an innocent purchaser for value, without notice, such as is protected by section 4914, Revised Statutes, 1889. *Bank v. Cushman*, 121 Mass. 490.

II.   In defendant's brief it is suggested that it was error in this action against Myers for balance due on sale of the machine, to make the stone company a party defendant and settle in the same suit plaintiff's right to levy its execution on the property. In our opinion, this was entirely proper. Counsel have failed to give any good reason for their position, or to cite any authority sustaining it, and we know of none. In suits against the husband, where the purpose was to subject the wife's property to execution, because the debt was for family necessaries, it has been thought *not improper*, at least, to make the wife a party defendant. *Bedsworth v. Bowman*, 104 Mo. 44; *Gabriel v. Mullen*, 111 Mo. 119. This manner of proceeding

certainly tends to facilitate the prompt disposition of such controversies, and is not confronted with any adverse technical rules to which our attention has been called.

Other minor objections are made, which on examination we find without merit. The judgment here was clearly for the right party and will be affirmed. All concur.