Smith v. Farrell.

E. B. SMITH, Appellant, v. ROSE FARRELL, Administrator, Respondent.

Kansas City Court of Appeals, March 23, 1896.

1. **Principal and Agent:** DUAL AGENT: KNOWLEDGE OF PRINCIPAL: Where a dual agent known to each principal to be such is himself the sole actor in the transaction between the principals, his knowledge is to be taken as the knowledge of each so far as it affects either.

2. ———: AGENT DEALING WITH PRINCIPAL: NOTICE: FRAUD. If the agent is dealing for himself with his principal, then his knowledge will not be imputed to his principal, nor will it be so imputed when the agent is engaged in a fraudulent scheme, notice of which on the part of the principal would prevent its consummation. Cases reviewed and distinguished.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Benjamin Phillip* for appellant.

Assuming now that the knowledge of the agent is the knowledge of the principal, regardless of how or when that knowledge is acquired, it is the well settled law in this and other states that if, when the note sued on was sold by the C. D. Smith Drug Company to' plaintiff, Edward C. Smith acted as the agent of both parties to the transaction, as Mrs. Smith's agent in purchasing the note, and as the agent of the C. D. Smith Drug Company in selling it, then his knowledge of any fact that would avoid the note as to any of the makers in any hands but those of a *bona fide* holder for value, is not the knowledge of the transferee. *De Kay v. Water Co.*, 38 N. J. Eq. 158, cited with approval and followed in *Benton v. Bank*, 122 Mo. 339; *Wilson*

*v. Bank*, 7 Atl. Rep. 145. And especially is this the law when the common agent is personally interested in seeing that the transaction between his two principals is consummated. *Hickman v. Green*, 123 Mo. 177, and cases cited. The doctrine of constructive knowledge is founded solely upon the presumption that the agent will perform his duty and communicate his own knowledge to his principals. But, where such communication would defeat the agent's own purposes, or disclose his own fraudulent misconduct, the presumption does not obtain and the principal is not charged with the knowledge of the agent. Nor does the presumption obtain when the agent's interests are in any way adverse to those of his principal. *Hickman v. Green, supra; Bank v. Lovitt*, 114 Mo. 525; *In re Bank*, L. R. 5 Ch. App. Cas. 358; *Hummell v. Bank*, 75 Iowa, 689; *Barnes v. Gaslight Co.*, 27 N. J. Eq. 33; *Terrell v. Bank*, 12 Ala. 502; *Dillaway v. Butler*, 135 Mass. 479; *Frenkel v. Hudson*, 82 Ala. 158; *Cave v. Cave*, L. S. 15 C. Ch. Dis. 639; *Innerarity v. Bank*, 139 Mass. 332; *Allen v. Railroad*, 150 Mass. 200; *Johnson v. Shortridge*, 93 Mo. 227; *Bank v. Harris*, 118 Mass. 147.

*Thomas F. Ryan* for respondent.

(1) The law charges the principal with notice of every fact coming to the knowledge of the agent connected with the business with which he is employed. Wade on Notice, p. 380, sec. 672. (2) And it is a general rule of law well established that notice to the agent of a bank, who is intrusted with the management of its business or a particular branch thereof, is notice to the corporation, when acting within the scope of his authority, whether the knowledge of such agent came to him in the course of such particular dealing or on some prior occasion. *Craige v. Hadley*, 99 N. Y. 131,

134; *Holden v. Bank*, 72 N. Y. 286; *Bank v. Davis*, 2 Hill, 452. (3) If an executive officer of a bank, who is one of its discount committee, has any notice of any equities existing against a bill, which is discounted by the bank, the bank is chargeable with such notice. Wade on Notice, 384, sec. 675; Wade on Notice, p. 385, secs. 676, 682; *Bank v. Thomas*, 2 Mo. App. 367; Wade on Notice, secs. 675, 683 B; *Bank v. Town*, 36 Conn. 93; *Cotton Mills v. Cotton Mills*, N. Y. Rep. 496, 502. (4) Where an agent has sufficient authority to make a contract for the benefit of his principal, that which would affect the validity of such contract, if known to the principal at the time of making it, will have the same effect if known only to the agent. Wade on Notice, 386, sec. 677, and cases cited. (5) The appellants seek to bring the case within the rule laid down, cited by appellant in his brief, namely, the case of the *Bank v. Lovitt*, 114 Mo. 519; *Benton v. Bank*, 122 Mo. 332. But an examination of these cases will show that there is no analogy between them and this case. This case stands on all fours with the case of the *Bank v. Town*, 36 Conn. 93.

ELLISON, J.—Plaintiff is indorsee of the note sued on and defendant is the administrator of Edward Farrell, Sr., deceased. The latter had judgment in trial court and plaintiff appeals.

It appears that the C. D. Smith Drug Company was a mercantile corporation and that the deceased and his son were partners. That the drug company, through its president, C. D. Smith, sold a stock of drugs to Prentice, who obtained the firm name of "E. Farrell & Son" to be signed by the son to the note, as accommodation makers, without authority from deceased, in payment for the stock. That C. D. Smith knew this when he sold the drugs and accepted the

Smith v. Farrell.

note for the drug company. C. D. Smith was also general agent for the plaintiff who is his mother and who is also a large stockholder in the drug company and its vice-president. Before the note became due, C. D. Smith, as president and agent of the drug company, sold it to himself, as agent for this plaintiff. In other words, as agent for the drug company, he sold it; and as agent for this plaintiff, he bought it, the indorsement being in plaintiff's name. It is conceded by the parties that the note in the hands of the drug company could not be collected from Farrell, but that in the hands of an innocent purchaser for value, it could be. The question, then, is, did plaintiff have notice of the infirmity of the note. And this involves the question presented by counsel, whether the knowledge of C. D. Smith, the dual agent of the drug company and plaintiff, is to be imputed to plaintiff.

In our opinion, the circuit court was right in holding that C. D. Smith's knowledge was plaintiff's knowledge. The true rule of law is that, where a dual agent, known to each principal to be such, is, himself, the sole actor in a transaction between the principals, his knowledge is to be taken as the knowledge of each, in so far as it affects either. It seems to me that this is necessarily so. Otherwise, there could be no full power of contract between persons acting through the same agent. If parties knowingly select the same agent to consummate a transaction, they are affected by his knowledge, the same as they would be bound by the knowledge of their separate agent, had they selected different representatives. There is no reason why this should not be the rule. No hardship can result from it; for there can be no such dual agency without the knowledge and consent of each principal. Mechem Agency, secs. 66–68, 79; 1 Morawetz Corp. 528–530. And so we have decided in *DeSteiger v. Hollington*, 17

Mo. App. 382; *Robinson v. Jarvis*, 25 Mo. App. 421. And if such agency is found to exist, the contract he makes may be avoided. *Rolling Stock Co. v. Railroad*, 34 Ohio St. 459.

But there is a rule of law, stated rather as an exception to the rule, that it is presumed an agent will disclose his knowledge to his principal. The exception is this: That if the agent is dealing for himself with his principal, then his knowledge will not be imputed to his principal. *Bank v. Lovitt*, 114 Mo. 519. As, if one negotiates a note to a bank (of which he is president) through other officers of the bank his knowledge of an infirmity in the note will not be imputed to the bank. In such case, he has laid aside his agency and is dealing on equal terms, at arm's length, with the bank. And there is another exception, which is that where the conduct of the agent is such as to raise a clear presumption that he would not communicate his knowledge to the principal, as where the communication of such knowledge would necessarily prevent the consummation of a fraudulent scheme which the agent was engaged in perpetrating. *Hickman v. Green*, 123 Mo. 175, and authorities cited therein. It is on these exceptions to the rule that plaintiff seeks to base her claim that she is not chargeable with the knowledge of her agent. But there is no room for their application to the facts of this case. C. D. Smith, in selling the note to himself for the plaintiff, was not acting for himself. He was acting for the drug company.

But plaintiff contends that since C. D. Smith was a large stockholder in the drug company, it was to his personal and selfish interest to sell the note—to realize on the note, since the corporation itself could not successfully maintain an action on it; and that for this reason, under the second exception above stated, plaintiff would not be charged with his knowledge of the

infirmity of the note. We think the exception should not be applied to the situation in which the facts place these parties. For, while the law is as we have before stated, that one can not be the agent of both parties to a transaction in which they have antagonistic interests, and if he so acts, the contract can be avoided by either; yet, where each principal *knows* that the agent is the agent of both, his doings in their behalf will bind each, just as though they had been represented by different agents. *Adams M. Co. v. Senter,* 26 Mich. 73; *DeSteiger v. Hollington,* 17 Mo. App. 382. This plaintiff knew of C. D. Smith being president and chief agent of the drug company and of his interest in the corporation; and with such knowledge she constituted him her agent, and she accepted of the fruits of his agency with knowledge of his dual capacity. She made him her agent *with knowledge of his antagonistic interests,* and she retains the note gotten through his agency, and thereby places herself without the rule which exonerates one from the knowledge possessed by his agent, who was prosecuting a scheme in his own interest.

In *Bank of Milford v. Town of Milford,* 36 Conn. 93, the treasurer of the town, who had frequently borrowed for the town, borrowed of himself, as cashier of the bank, a sum of money. He borrowed it, as in other instances, in the name of the town, though, in this instance, the money was for himself. Thus he acted in the dual capacity of agent for the town in borrowing, and agent for the bank in lending; and the court held the bank chargeable with his knowledge of the fraud; and that the bank, by ratifying his contract by suing on it, must accept his knowledge and be bound by it. That case finds full application to the one before us.

We are cited to several cases by plaintiff in support of her position, but an examination of them shows

they are not applicable. That of *DeKay v. Water Co.*, 38 N. J. Eq. 158, was where the president of the water company negotiated for that company its bonds to two banks, of which he was also president. He had procured the issuance of the bonds by the water company and knew that they were illegal. The court held that the fact that he was president of the banks would not charge them with the knowledge of the illegality of the bonds which he had as president of the water company negotiated. That holding is nothing more than the principle which has been determined in this state, that where one, who is an officer of a corporation, deals with that corporation in his individual interest, he is not acting in his capacity as agent, but is doing business with the corporation as if he was a stranger, and the corporation is not chargeable with his knowledge of matters on his side of the transaction. When the president of the water company in that case came to deal with the officials of the banks, such officials represented the banks and they dealt with him in that instance, though he was also president of the banks, at arm's length. He acted as president and agent of the water company, but he did not act as president of the banks. So the same may be said of each of the other cases cited. *Bank v. Lovitt*, 114 Mo. 520; *Innerarity v. Bank*, 139 Mass. 332; *Benton v. Bank*, 122 Mo. 332. In neither of them was the agent *acting for the party who is sought to be charged with his knowledge*. In the latter case it is said that where one is an officer of two corporations which have business transactions with each other, his knowledge can not be attributed to either corporation, in a matter *in which he did not represent it*. The converse would also be true, that if he did represent one or both, his action would be binding and his knowledge would attach to the one represented.

The case of *Hickman v. Green*, 123 Mo. 165, did not involve the exception here discussed. The court held the dual agents in that case were not agents concerned in the title to the land. But the court does proceed to state the exception to the rule, in the general way; that is, that if the agent is engaged in prosecuting a fraudulent scheme for himself, his knowledge will not be imputed to the principal. It must be noted, however, that in that case it does not appear that the principal sought to be charged with notice knew of the double capacity in which the agents were acting; nor do we believe the court intended to be understood as saying that the mere fact that an agent's compensation depended upon the consummation of a transaction was sufficient to prevent the agent's knowledge of matters affecting the transaction from attaching to the principal. For, if that is true, it would place a very large part of the business transacted by agents outside the rule that a principal is charged with the knowledge of his agent. It is well known that insurance agents are paid a commission on the insurance they write, and that a large class of commercial agents are paid a commission on sales. It would, perhaps, not be claimed that the mere fact that these agents' compensation depended on the consummation of the insurance risk, or the sale, would have the effect of preventing their knowledge acquired in the transaction from attaching to their principals.

It follows from the foregoing views that the judgment should be affirmed. All concur.