GRAHAM PAPER COMPANY, Appellant, v. ST. JOSEPH TIMES PRINTING & PUBLISHING COMPANY, Defendant; MORTON B. CROWTHER, Interpleader, Respondent.

Kansas City Court of Appeals, April 3, 1899.

1. **Fraudulent Conveyances:** EVIDENCE: CONCEALMENT: JURY QUESTION. The evidence in this cause is reviewed and error was found in refusing certain instructions submitting the question of *bona fides* of a debt and chattel mortgage which had their inception in concealment and were attended by circumstances giving the appearance of being without consideration and fraudulent.

2. ———: CONFLICTING STATEMENTS OF INTERPLEADER: JURY QUESTION. Where the testimony of the interpleader in a deposition and at the trial are contradictory as to the essentials attending the creation of a debt and chattel mortgage, the plaintiff is entitled to go to the jury on the questions of the *bona fides* of the transaction.

3. ———: AGENCY OF THE HUSBAND: JURY QUESTION. On the evidence in this case the agency of the husband in the contraction of the debt should have been on proper instructions submitted to the jury.

4. ———: DUAL AGENCY OF THE HUSBAND: WIFE'S NOTICE OF FRAUD. Where the husband is president of a printing company and the special agent of his wife in the negotiation of a loan to the company, the wife is bound by the husband's notice of all matters connected with the transaction.

5. ———: DEFAULT OF DEFENDANT: NOTICE TO INTERPLEADER. Where, in an attachment suit on the ground of fraud, the defendant makes default, he admits the fraud and it is only necessary to connect the interpleader with it by showing knowledge in himself or his agent, or both.

*Appeal from the Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

REVERSED AND REMANDED.

JOHNSON, RUSK & STRINGFELLOW and HUSTON & BREWSTER for appellant.

(1) . Plaintiff's instructions Q and S should have been given. The evidence all shows that George C. Crowther was the general agent of interpleader. His agency reached far back of the execution of the note and mortgage and extended long afterwards. The knowledge of the dual agent is the knowledge of both principals where they both know him to be such an agent. DeSteiger v. Hollington, 17 Mo. App. 382; Robinson v. Jarvis, 25 Mo. App. 421; Smith v. Farrell, 66 Mo. App. 8; Bank v. Town, 36 Conn. 93; Mercantile Co. v. Senter, 26 Mich. 73; Chouteau v. Allen, 70 Mo. 290. (2) Plaintiff's instruction U should have been given. It is the same as the first instruction given for plaintiff except that it tells the jury that fraud may be inferred from circumstances, and is therefore a proper complement of the first. Garesche v. MacDonald, 103 Mo. 1; Gordon v. Ismay, 55 Mo. App. 323; Muenks v. Bunch, 90 Mo. 500; Martin v. Estes, 132 Mo. 402; Sexton v. Anderson, 95 Mo. 373; Cheek v. Waldron, 39 Mo. App. 21; Pierson v. Slifer, 52 Mo. App. 273; Frankenthal v. Goldstein, 44 Mo. App. 189; Ross v. Crutsinger, 7 Mo. 245. Very slight circumstances will warrant the submission of the issue of fraud to the jury. Hopkins v. Sievert, 58 Mo. 201; Spengler v. Kaufman, 46 Mo. App. 644. (3) Plaintiff's instructions P, R and T should have been given. An insolvent corporation has no authority to mortgage its property to pay its capital stock or to pay for the stock or debts of one of its stockholders. Nor will

the officers or directors be allowed to deal with corporate property for their private gain. Chouteau v. Allen, 70 Mo. 290; Woolen Mill Co. v. Kampe, 38 Mo. App. 229; Brick Co. v. Schoeneich, 65 Mo. App. 283; Hall v. Goodnight, 138 Mo. 576; 3 Thompson on Corp., sec. 4014; Tube Works v. Refrigerator and Ice Co., 118 Mo. 365; 2 Morawetz on Corp. [2 Ed.], sec. 792; Hill v. Coal & Mining Co., 124 Mo. 153; Garrett v. Coal Mining Co., 113 Mo. 330; Barton v. Sitlington, 128 Mo. 164; Dry Goods Co. v. McMahan, 61 Mo. App. 499.

J. F. WOODSON and J. B. SHACKELFORD for respondent.

(1) The court rightly refused both of appellant's instructions, Q and S, because they are drawn upon the theory that George C. Crowther was the general agent of the interpleader, which the evidence shows conclusively was not the case. Mechem on Agency, sec. 63; Eystra v. Capelle, 61 Mo. 578; Rodgers v. Bank, 69 Mo. 560. This rule requiring superior evidence of a husband's authority as agent for his wife always pertains where the acts of agency are against the wife's interest. Bridges v. Russell, 30 Mo. App. 258. All of this, and the testimony as a whole, precludes the idea of a general agency, even in the execution of the papers after the loan had been agreed upon; and the assistance rendered the interpleader by Crowther fails to go further at any time than the ordinary relation of husband and wife would justify. Mechem on Agency, sec. 63; Eystra v. Capelle, 61 Mo. 578; Rodgers v. Bank, 69 Mo. 560; Bridges v. Russell, 30 Mo. App. 258; Hickman v. Green, 123 Mo. 165, 174, and cases cited; Smith v. Farrell, 66 Mo. App. 8. (2) Instruction "U" asked by plaintiff should have been refused because fully covered by instructions number 1 and 2 asked and given for plaintiff. Houghland v. Dent, 52 Mo. App. 237. (3) Instructions P, R and T asked by plaintiff and which

were refused by the court, were not based upon any evidence in the case and were rightly refused.

ELLISON, J.—This is an action by attachment in which personal property was attached as being that of defendant. The defendant made default · and the interpleader filed her interplea claiming the property under a chattel mortgage executed by defendant to her mother, Mrs. L. A. Burgess, of Omaha, Nebraska, to secure a note given by defendant for $2,000, the note having been assigned by the latter to interpleader. The judgment below was for interpleader.

Plaintiff contests the validity of the note and mortgage, claiming that they were executed to defraud creditors, and that interpleader knew it through her agent.

Interpleader's claim is that her husband, George C. Crowther, was the president of the defendant publishing company and that he borrowed the money represented by the note and mortgage of her for the publishing company, and being president of the company he did not want her name to appear as loaning the money. He therefore obtained the consent of interpleader's mother to use her name in the note and mortgage, she in a day or two after the papers were executed, assigning the note to interpleader.

Plaintiff asked several instructions which submitted the hypotheses of the money being borrowed for a fraudulent purpose or use, and of George C. Crowther's knowing this and being interpleader's agent in the transaction, she would be chargeable with his knowledge. These were refused. As these instructions state correct propositions of law, we assume that they were refused for the reason that in the opinion of the trial court there was no sufficient evidence upon which to base them. And in this there was manifestly error committed which

FRAUDULENT
conveyances: concealment: jury question.

necessarily must have materially affected plaintiff's case. The debt claimed had its inception in an effort at concealment; the note and mortgage evidencing the debt being taken in the name of interpleader's mother at the suggestion of her husband. The note was then secretly assigned to interpleader. That this was intended to be concealed is evidenced by the fact that afterwards the property was advertised for sale by Crowther in the mother's name and she brought down from Omaha to attend the sale. And it likewise appears that a replevin suit becoming necessary, he instituted one in her name. It does not appear whether the usual affidavit was attached to the claim in that case. But whether there was or not, the two acts certainly establish a continuation of the concealment and the keeping up of a false claim of ownership in the mother. The reason assigned for this, as before stated, was that nothing wrong was intended but that Crowther being president of the defendant company he did not want his wife's name mixed in it as a loaner of the money to the company. Yet he was willing that his wife's mother should be connected with it, which still made of it the very matter he wanted to avoid, viz.: a family affair; unless he thought the mother, being a nonresident, would not be known to the creditors of the printing company. The explanation of the extraordinary course taken amounts to this, that in the effort to avoid the appearance of evil, evil was committed, in that, according to plaintiff's claim, they were thus led into this attachment, by the appearance of record, and in the other ways mentioned, of a claim of indebtedness to a party, which did not exist, thus giving the appearance to one investigating the matter, of being without consideration and fraudulent. And the record does not show that anything different was made to appear until after the attachment was levied.

Interpleader was a witness at the trial, and she having previously given her deposition it was introduced by plain-

tiff as an admission and for the purpose of contradiction. A comparison of her testimony as given in the deposition and the trial, develops a condition of affairs relative to the entire transaction which certainly entitled plaintiff to go to the jury on the question of the *bona fides* of the debt and of Crowther's agency for her. The two are not at all in harmony. She explained this on the stand by the statement that she was so frightened, excited and confused when giving her deposition that she did not know what she was saying.

*——: conflicting statements of interpleader: jury question.*

Coming to the question of Crowther's agency for Mrs. Crowther, the evidence well-nigh conclusively shows he was her agent. The full face of the whole case, as disclosed by the record, makes this apparent. In the first place she, in her deposition, says he was. Her testimony at the trial, barring a formal denial of his being her "general" agent on being recalled, amounts to the same thing. He transacted all the business for her in the loan and taking the mortgage and note. He attended to every detail except the signing of her name to a transfer of some building and loan stock. He brought the replevin suit, and advertised the property for sale, assuming the responsibility to omit some of it in the first advertisement. The fact seems clear that she knew nothing about the business and did nothing about it except as he suggested and directed. We do not mean to say that the jury should have been told, in terms, to find that he was her agent, but when it is remembered that plaintiff's instructions on the question of agency were refused, it becomes apparent that its appeal is well taken.

*——: agency of the husband: jury question.*

But it is urged here that if he was the agent of the defendant company in borrowing and of his wife in lending his knowledge of the fraud intended by his company

will not be imputed to her, since it would be to his interest not to tell her, and thus the presumption of law that an agent does tell his principal, is rebutted. To this, we cite the case of Smith v. Farrell, 66 Mo. App. 12, 13, as a full answer. That case and this, on the questions of agency and of the application of the rules of law governing such questions, are substantially alike. There the dual agent was the general agent of both parties. While here Crowther is the general agent of the defendant printing company and perhaps only the special agent of interpleader. But notice to a special agent of any matter connected with the transaction in which he is acting, is just as binding on the principal as if he were a general agent. He was a dual agent, each principal knowing he was the agent of the other, and each is bound the same as if they had been represented by different agents. Smith v. Farrell, 66 Mo. App. 8.

*——: dual agency of the husband: wife's notice of fraud.*

In our opinion plaintiff's refused instructions designated as Q, R, S, T and U, should have been given.

The defendant company, by the default made, admits the fraud charged. It is therefore only necessary to connect interpleader with it, and this may be done by showing knowledge by herself alone, or by her agent alone, or by both. In investigating questions of this nature, the law permits more latitude of examination of the parties charged than would otherwise be allowed. Reversed and remanded. All concur.