# GRAHAM PAPER COMPANY, Respondent; v. MORTON B. CROWTHER, Interpleader, Appellant.

### Kansas City Court of Appeals, February 10, 1902.

1. **Attachment: INTERPLEADER: ISSUE: BURDEN OF PROOF** In the trial of an interplea injected into an attachment suit the issue to be tried is whether the attached property is that of the interpleader, who must recover on the strength of his own title and has the burden of proof. Affirmed on motion for rehearing.

2. ———: ———: **PLEADING: CREDITOR: EVIDENCE.** Where the pleadings in an interpleader proceeding in no way put in issue the validity of the attachment and levy, the plaintiff in the attachment need not introduce evidence of his being a creditor of the defendant, especially where the interpleader's title is alleged to be fraudulent. Affirmed on motion for rehearing.

3. ———: **INTERPLEA: RECORD.** In an interpleader proceeding growing out of an attachment suit the record in the attachment case was also the record in the interpleader action. Modified as being mere *obiter dicta* on motion for rehearing.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Joseph F. Woodson, J. B. Shackelford* and *Culver & Philips* for appellant.

The court therefore erred in refusing appellant's instruction "A" because there is no evidence in the case—not a syllable—showing that the plaintiff was a creditor of the Times Printing & Publishing Company. There is a total failure of proof on that point. Wright v. Crockett, 7 Mo. 125; Clarke v. Laird, 60 Mo. App. 289; Boot & Shoe Co. v. Bain, 46 Mo. App. 581.

*Huston & Brewster* and *Johnson, Rusk & Stringfellow* for respondents.

(1)   The statutory interplea in attachment cases is *sui generis*; the rules applicable to ordinary replevin suits do not all apply.   The interpleader obtains his right because of the fact that the property is seized under a writ of attachment in favor of the plaintiff and against defendant and that fact must be alleged and in this case was alleged in the interplea.   The interpleader becomes thereby substituted for the defendant— takes his place and the sole issue is then between the plaintiff in the attachment suit and the interpleader as to the ownership of the property.   Boller v. Cohen, 42 Mo. App. 97; State ex rel. v. Barker, 26 Mo. App. 487; Beck v. Wisely, 63 Mo. App. 239; Grocer Co. v. Goetz, 57 Mo. App. 8; Car Co. v. Barnard, 139 Mo. 145.   (2)   The fact that respondent was an attaching creditor of the Times company was not a controverted fact—the interpleader in her petition so stated and was so bound to state in order to interplead. Where a cause is so conducted that court and counsel may reasonably infer that a certain fact is conceded, then the court may so treat it in instructions.   Burlington v. Hatch, 98 Mo. 376; Walker v. Kansas City, 99 Mo. 647; Ragan v. Railroad, 144 Mo. 623; Pope v. Cable Co., 99 Mo. 400; State ex rel. v. Branch, 151 Mo. 622; Tyler v. Tyler, 78 Mo. App. 240; Herriman v. Railroad, 27 Mo. App. 435; Rice v. Mc-Farland, 41 Mo. App. 490; Keyes v. Harden, 52 Mo. App. 323.

SMITH, P. J.—In the action by attachment brought by the plaintiff against the St. Joseph Times Printing & Publishing Company, the said Morton B. Crowther filed an interplea whereby she alleged that under the writ issued in said action of attachment the sheriff had levied upon and attached certain specified personal property, which was the property

of the interpleader, which she was then in possession of under a certain mortgage executed to her by the attachment defendant to secure a certain promissory note for two thousand dollars, etc. The answer denied that the interpleader was the owner of the attached property, and then alleged that the said note and mortgage were voluntary, and made without any consideration whatever, and that the same were executed for the purpose of hindering and defrauding the creditors of the attachment defendant, etc. The interpleader replied denying the allegations of the answer. There was a trial to a jury when, at the conclusion of all the evidence, the court was asked, but refused, to give a peremptory instruction to find for the plaintiff, and this action of the court is one of the alleged errors assigned for the reversal of the judgment, which was for the plaintiff.

It is strenuously insisted by the interpleader that, as the plaintiff did not introduce in evidence the record of the attachment proceeding, nor adduce any proof that the plaintiff was a creditor of the defendant, it was in no position to question the title claimed by this interpleader to the attached property, and therefore the peremptory instruction should have been given. We do not think this insistence should be sustained. The issue in a case like this is whether or not the attached property was that of the interpleader. Teichman v. Bank, 27 Mo. App. 676; Boller v. Cohen, 42 Mo. App. 97; Shinn on Attachment, secs. 429-674. If the interpleader recover, it must be on the strength of his own case without reference to the weakness of that of the plaintiff. The burden of proof is upon him in the first instance to establish his right and title to the attached property, and this he must do by the preponderance of the evidence. Toney v. Goodley, 57 Mo. App. 235; Shinn on Attachment, sec. 437.

And so it has been ruled that when the interpleader alleges that he bought the property before the attachment, and the plaintiff replies that the sale was to defraud creditors,

the validity of the attachment is not put in issue because it does not affect the interpleader's claim. The plaintiff in the attachment is not required to show that he has an attachment good against the interpleader. His right to the property does not depend upon the character of the attachment, whether valid or invalid. If invalid it would not help him. Markly v. Keeney, 87 Iowa 398. It can not concern the interpleader as to whether or not the plaintiff sustain his attachment, or whether or not he prevail in a trial on the merits.

The interplea, in effect, alleged the existence of the writ, and the levy. The validity of both were not controverted, nor in any way put in issue in the case. It has been elsewhere held, under a somewhat analogous statute, that in a case where the answer of the plaintiff was a denial of the ownership alleged in the interplea, accompanied with an allegation that the money claimed was the property of the defendant, and that it had been deposited in bank in the name of the interpleader to put it beyond the reach of the creditors of the defendant, the plaintiff, under this simple issue, could prove the facts impeaching the validity of the transfer as to him, a creditor, and that the plaintiff in his answer, was not required to allege that he was a creditor of the defendant. Smith v. Barclay, 54 Minn. 47. And of course if the plaintiff was not required to allege this fact in his answer, he was not required to prove it. Under the established practice in Mississippi in actions by attachment, the issues between the plaintiff and defendant must be finally determined before the claim of the interpleader can be adjudicated, and in the trial of the issue between the interpleader and the plaintiff the entire record in the attachment goes with the interpleader proceeding and therefore need not be introduced in evidence. French v. Sale, 60 Miss. 516. We think, therefore, that under the issue between the interpleader and the plaintiff, the latter was not required to prove himself a creditor, or, if so, the entire record in the attachment could be relied on as

sufficient to show that fact without introducing it in evidence.

It is proper to say that in reaching this conclusion we have not overlooked the two replevin cases decided by us and cited in the interpleader's brief. In this case the interplea alleged the existence of the writ while in those the petition contained no such allegation, and, therefore, this case is distinguishable from those for that, if for no other reason. It results from these considerations that we can find no fault with the action of the court in refusing the interpleader's peremptory instruction.

As to the other instructions given for the plaintiff, it is sufficient to say that when the case was here by appeal, on a former occasion (79 Mo. App. 504), they were examined by us and the conclusion was reached that they were correct expressions of the law applicable to the case, and no reason is now seen why we should not adhere to that conclusion.

It would subserve no useful purpose to again review the evidence, as that in the present record does not sufficiently vary from that presented by the record when the case was then before us, to warrant a different conclusion in respect to its probative force. We thought then, and think now, that it was, and is, ample to justify the submission of the issues to the jury, and that being so, we must regard the verdict as conclusive on us.

The judgment must be affirmed. All concur.

## ON MOTION FOR REHEARING.

SMITH, P. J.—Adverting again to that part of the record disclosing the pleadings and it will there be seen that the interplea alleges the existence of the attachment suit, the issue of the writ and the levy of the latter on certain specific personal property. This is followed with the further allegation that the attachment defendant was not the owner of the attached property but that the interpleader was such

owner under a certain mortgage executed to her by the attachment defendant. The answer of the plaintiff was that the mortgage under which the interpleader claimed the ownership of the attached property was fraudulent. The allegations of the answer were put in issue by the replication. Under the pleadings thus framed the attachment suit and the proceedings therein were admitted. There was no issue as to such suit and the proceedings therein up to the time of the levy of the writ.

The existence of the mortgage was admitted by the answer, but the allegation was made in that pleading that the mortgage was fraudulent. The interpleader's *prima facie* case was established by the pleadings. The decisive issue made by the answer and replication was whether or not the mortgage was fraudulent. On this issue the *onus probandi* was cast upon the plaintiff. If the evidence adduced by it was sufficient under this issue to carry the case to the jury its finding put an end to the controversy; provided, of course, the instructions were proper. What other issue could there be under the pleadings? The plaintiff's attachment lien was in effect conceded by the interplea, but it was therein alleged that the mortgage lien of the interpleader was paramount to that acquired under the attachment. The validity of the mortgage was attacked by the plaintiff and that attack sustained by the jury.

But the interpleader insists that though her mortgage was fraudulent and void, that she was still entitled to recover unless the plaintiff proved that it was a creditor of the defendant. What concern was it of hers, if her mortgage was fraudulent and void, whether or not the attachment plaintiff was a creditor of the defendant? How could she be prejudiced or injured in any way by the failure of the attachment plaintiff to make such proof? The verdict of the jury was that the mortgage which she set up as the basis of her title to the attached property was fraudulent and gave her no

claim or right thereto as against the attaching plaintiff.

We have been cited to no case where the issues made by the pleadings are as here, that holds in such case whether or not the attachment plaintiff is a creditor of the defendant is an issue that must be determined in favor of such plaintiff, or else the interpleader will be allowed to recover, notwithstanding the fraudulent character of his title. No such issue is raised by any pleadings in the case, but on the contrary it seems to us that if an issue of that kind could have arisen in the case it was eliminated by the allegations of the interplea. It is quite difficult to see why the attachment proceedings were not properly before the court for the purpose of the trial, since the existence of the same was alleged in the interplea and admitted by the answer. But, however this may be, no good reason is seen why such proceedings should have been introduced in evidence in this case. There was no disputed issue requiring such evidence for its maintenance.

It may be that in that part of the opinion in which it is remarked that "or, if so, the entire record in the attachment could be relied on as sufficient to show that fact" [i. e. that the attachment plaintiff was a creditor] "without the introduction of it in evidence," went too far, but as this remark was not necessary to the decision of the case—mere *obiter dicta*— we will so modify the opinion as to withdraw it therefrom.

The motion will accordingly be denied.