Pettibone, J.,
delivered the opinion of the Court.
This was an action of replevin, for some negroes, brought by the plaintiff in error, against the defendants, in the Circuit Court of Cape Girardeau county. The defendants pleaded three pleas:
First. That the property of the negroes was in John Waters, one of the defendants, and others, as the heirs of Thomas W. Waters, deceased.
Second. That the property was in one Zeneas Priest.
Third. That it was in John Waters.
Issues were joined on these pleas, and the cause tried hy a jury; and a verdict, that the said negroes were the property of John Waters, and others, the heirs and legal representatives of Thomas W. Waters, deceased, and assessing the damages, &c. Judgment on the verdict, and for a return of the property. On the trial of the cause, the plaintiff offered in evidence, an' execution, from the Common Pleas of Cape Girardeau county, against the estate of Thomas W. Waters, on which it was alledged that the negroes had been sold, and purchased in hy Brady. The execution was objected to by defendants, and by the Court refused. The plaintiff also offered in evidence, a bill of sale for the negroes, from Fanny Waters, administratrix of Thos. W. Waters, deceased, to Brady, the intestate; to which the defendants objected, and the objection was sustained by the Court. Three points are made by the plaintiff in error:
First. 'That the verdict does not find all the issues. Second. That the execution was improperly rejected. Third. That the bill of sale was improperly rejected. As to the first point, we think the verdict substantially sufficient. It decides the right of the parties, and shows that the plaintiff, by no possibility, even if the other issues had been found in his favor, could have had a judgment for him, or any different one against him. As to the second point, the execution was incompetent to show title in the vendee under it, unless the judgment on which it was issued was also proved: vide Wilson & Gibbs v. Conine, 2 Johns. Rep. 280. The proof of the judgment ought to have preceded or accompanied the execution. As no proof of the judgment was offered, the execution was properly excluded. As to the last point, that the bill of sale was improperly rejected; the bill of exceptions does not state the ground on which it was rejected. It might be, that the plaintiff did not *288 offer to prove the execution of it. If so, it was properly rejected. As this proof necessarily precedes its being offered in evidence, we cannot see hut that it was very properly excluded.
The judgment must he affirmed, with costs.