CHARLES F. ANDREWS v. ANDREW J. SMITH.

*Replevin—Damages to special owner.*

In replevin against a constable claiming under a levy of execution, the defendant can recover the amount of his lien only on proof of a valid judgment and execution; proof of an execution alone, even though valid on its face, is not enough.

Error to Ingham. Submitted Oct. 10. Decided Oct. 21.

REPLEVIN. Plaintiff brings error.

*Quincy A. Smith* for plaintiff in error. Proof of an execution levy is not enough to sustain a judgment for value in replevin without proof of a valid subsisting judgment, *Beach v. Botsford*, 1 Doug., 199; on an assessment of value, the defendant's special interest may be proved, *Darling v. Tegler*, 30 Mich., 54; *Weber v. Henry*, 16 Mich., 399.

*E. D. Lewis* for defendant in error. After non-suit in replevin, defendant is entitled to judgment for the return of the property, or its value, *Pearsons v. Eaton*, 18 Mich., 79; and if he waives return and elects to take judgment for value, the only issue is the value of the property, and the question of ownership cannot be tried, *Taylor v. Tripp*, 15 Mich., 518; *Forbes v. Washtenaw Circ. Judge*, 23 Mich., 498; *Stall v. Diamond*, 37 Mich., 429; *First Nat. Bank of Marquette v. Crowley*, 24 Mich., 492.

MARSTON, J. Andrews brought an action of replevin in justice's court to recover possession of certain property. Defendant claimed no right or interest in the property, except as a constable and by virtue of a levy made thereon under an execution against the goods and chattels of Martin C. Graves. On the return day of the writ the plaintiff submitted to a voluntary non-suit, and judg-

ment of non-suit was thereupon rendered against him. Defendant thereupon elected to waive a return of the property and take judgment for the value thereof. The cause was adjourned by consent, and on the adjourned day, 'the parties agreed that the value of the property was one hundred dollars. Defendant was then sworn and testified that he was a constable, and that he had levied upon this property by virtue of an execution against Graves for the sum of $84.40 and $2.60 costs. No farther or other evidence was offered by the defendant.

The plaintiff was then called as a witness and an offer made to prove by him that when defendant levied upon the property the plaintiff was the owner of it and that the execution debtor had no interest therein whatever. This was objected to and excluded, and judgment was rendered in favor of the defendant for the full. value of the property. On certiorari to the circuit court the amount of the judgment was reduced to the sum claimed in the execution.

The statute provides that where the defendant in an action of replevin recovers judgment by discontinuance or non-suit, such judgment shall be that he have return of the property, unless he elect to waive such return. 2 Comp. L., § 6758. In case he elects to take judgment for the value, such value shall be assessed subject to the provisions of section twenty-nine of this chapter. § 6759. By section twenty-nine, when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon, etc., in the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the assessment of value, or damages, and the finding of the court shall be in accordance therewith, and the court shall thereupon render such judgment as shall be just between the parties. § 6754.

Under these provisions it was clearly incumbent upon the defendant, who was not the general owner of the property, to prove a valid judgment and execution in

order to entitle him to recover the amount of the lien claimed by him thereon. *Adams v. Hubbard*, 30 Mich., 104. This he did not do; no proof of a judgment was offered by him, and proof of an execution alone, even although regular on its face, would not entitle him to a judgment for the amount specified therein.

The judgment of the circuit court and of the justice's court must therefore be reversed with costs.

The other Justices concurred.