PENFIELD INVESTMENT COMPANY, Appellant,
v. MARSHALL C. BRUCE, Respondent.

Kansas City Court of Appeals, June 8, 1908.

1. **BILLS AND NOTES:** Fraud: Demurrer to Evidence: Innocent Purchaser: Notice. In an action on a promissory note where the maker shows its inception in fraud, the burden is on the plaintiff to show that he is an innocent purchaser without notice; and the question of the credibility of his evidence is for the jury.

132 App—17

2. ———: ———: Corporation:   Notice:   Officer:   Instruction.
Knowledge which comes to an officer of a corporation through
his private transactions and beyond the range of his official du-
ties is not notice to the corporation, even though he is the
managing agent of the corporation at the time of obtaining the
knowledge. Cases examined and compared.

3. ———: ———: ———: Officer: Agency. Where a party mak-
ing the contract is not the officer of the corporation, the cor-
poration is not bound and the contract is wholly invalid and suit
cannot be maintained against the corporation thereon.

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey,* Judge.

REVERSED AND REMANDED.

*Sidney S. Wilson* and *C. W. Meyer* for appellant.

(1)   The agreement between the National Sepa-
rator Company and defendant, executed May 21, 1904,
and all testimony relating thereto, should not have been
admitted in evidence.   (a)   This agreement was signed
simply by E. L. Wortham, vice-president, and there is
no evidence that he was authorized by the National
Separator Company to bind it by such an agreement.
(b)   There was no evidence that A. H. Penfield ac-
quired knowledge of this agreement while acting in his
capacity as an officer of the Penfield Investment Com-
pany, and any knowledge acquired by him while acting
in his private capacity would not be binding upon plain-
tiff. · Bank v. Froman, 129 Mo. 430; Benton v. Bank,
122 Mo. 339; Bank v. Fitze, 76 Mo. App. 364; Brass
Co. v. Webster G. & Q. Co., 37 Mo. App. 155.   (2)   In-
struction "A" asked on behalf of plaintiff should have
been given by the court. · Gregory v. McCormick, 120
Mo. 664; Henshaw v. Dutton, 67 Mo. 666; Wislezenus
v. O'Fallon, 91 Mo. 184.   (3)   Instruction "B" asked
on behalf of plaintiff, should have been given by the
court. Brass Co. v. Webster G. & Q. Co., 37 Mo. App.
155; Bank v. Froman, 129 Mo. 430; Bank v. Lovett,

114 Mo. 519. (4) Instructions 2, 3 and 4, given on behalf of defendant, should not have been given without telling the jury what constituted knowledge on the part of the plaintiff of the alleged false and fraudulent transactions concerning the note. Bank v. Fitze, 76 Mo. App. 356; Brass Co. v. Webster G. & Q. Co., 37 Mo. App. 155; Bank v. Froman, 129 Mo. 430; Bank v. Lovett, 114 Mo. 519.

*Allen, Gabbert & Mitchell* for respondent.

(1) Notice to an officr or agent of a corporation entrusted with the management of its business, or of a particular branch of its business, is notice to the corporation in transactions conducted by such agent acting for the corporation, within the scope of his authority, whether the knowledge of such officer or agent was acquired in the course of the particular dealing or on some prior occasion. Wade on Law of Notices (2 Ed.), secs. 687, 689; Bank v. Cushman, 121 Mass. 490; Steam System Co. v. Paul, 129 Fed. 757; Railway v. Dickinson, 95 S. W. 802; Walker v. Mill Co., 35 N. W. 332; Porter v. Bank, 19 Vt. 410; Liebfritz v. Railway, 48 Ia. 709; Anderson v. Kinley, 90 Ia. 554; Bank v. Sturtevant, 66 Mass. 372; Loring v. Brodie, 134 Mass. 453; Bank v. Woodruff, 2 N. J. Eq. 117; Suit v. Woodhall, 113 Mass. 391; Bank v. Ingersoll, 89 N. W. 618; Mining Co. v. Manley, 81 Pac. 51; Railway v. Swannell, 30 L. R. A. 294; Carroll v. Railway, 14 Mo. App. 498; Hayward v. Insurance Co., 52 Mo. 190; George v. Railway, 40 Mo. App. 445; Chouteau v. Allen, 70 Mo. 341; Stonecutter v. Myers, 64 Mo. App. 533; Kirby v. Express Co., 2 Mo. App. 369. (2) The rule that the holder of a negotiable note endorsed in blank by the payee is prima facie its owner and is presumed to have taken it in good faith for value before maturity and without notice, does not apply when the note is shown to have been originally obtained by fraud, for then it devolves upon

the holder to show that he came into its possession for value and in good faith.   Kerin v. Vette, 167 Mo. 389; Hamilton v. Marks, 63 Mo. 167; Henry v. Sneid, 99 Mo. 407; Campbell v. Hoff, 129 Mo. 317; Hahn v. Bradley, 92 Mo. App. 399; Bank v. Hammond, 104 Mo. App. 403.

BROADDUS, P. J.—This suit is to recover upon a promissory note in the sum of $750 executed by the defendant.   The note is dated May 21, 1904, and was due in six months after date and was made payable to the order of the National Separator Company, a corporation doing business at St. Joseph, Missouri. Thereafter on the 3d day of June, 1904, the said separator company executed and delivered to one Rice McDonald its promissory note for the sum of $1,500 due in four months from date.   At the same time said separator company transferred to said McDonald with. other notes, the said note in suit as collateral security for the payment of said $1,500.   Thereafter in the month of September and before any of said notes had become due, the said McDonald transferred said two notes to the plaintiff which is also a corporation.   The defendant failed and refused to pay the note for $750 and plaintiff instituted this suit.

The defense is that the note was obtained by fraud and is without consideration.   The testimony of defendant is to the effect that E. L. Worthman who claimed to be the vice-president of the separator company induced him to execute the note for the right to sell its separating machine in the county of Clinton, Missouri.   His machine purported as its name signifies, the capacity for separating different seeds when mixed. There was evidence that when the machine was tested on a quantity of mixed seeds in the office of the separator company, that it worked successfully as represented, but that it would not work successfully and separate

seeds when mixed found at other places. It was also shown that at the time when the note was executed the said Worthman as vice-president of said separator company executed a certain writing which was also signed by the defendant wherein it is recited that defendant had executed two notes of $375 each and one note for $750, payable to said separator company, wherein it is agreed, that all these notes shall be paid out of commissions received by defendant from said company; that the notes shall not be transferred to any other party for any consideration whatever; and that if for any reason whatever the notes shall remain unpaid at the expiration of six months from date they shall be null and void, and defendant shall not be liable for their payment.

It was shown that A. H. Penfield was the president of the plaintiff, also a corporation with its place of business in the city of St. Joseph; that while the negotiations were going on and before the contract mentioned was signed, Mr. Worthman said: "Wait a minute, I had better see some of the other officers of the company and see if this is satisfactory;" that he stepped out and brought in Penfield and introduced him to defendant as the secretary of the company, and said: "Mr. Penfield, here is a contract that I have drawn up with Mr. Bruce regarding the payment of his notes;" that he read over the contract to Penfield, and said: "Mr. Penfield, is that satisfactory to you;" and that Penfield said: "It is perfectly satisfactory to me," and said to the defendant: "I don't think you ever will need your contract, I think you will make money out of the proposition." Penfield testified that he bought the note before due without any knowledge that the notes were not to be transferred and that he had no knowledge of any fraud in the transaction. He testified that he had no connection with the separator company at the time. McDonald knew on the day of the execution of the

note, of the contract referred to.   Evidence was also introduced attacking the reputation of Penfield for veracity.   The judgment was for the defendant, from which plaintiff appealed.   A number of instructions were given for each side of the controversy to which no exceptions are taken, and which in our opinion in a general way presented the case to the jury correctly.

Complaint is made by the plaintiff that the court erred in not instructing the jury under the evidence to return a verdict for plaintiff as requested; and in refusing to instruct the jury as asked in instruction designated as "B."   It was as follows:   "The jury are instructed that even though you believe from the evidence that at the time defendant executed and delivered the note in suit to the National Separator Company, that false and fraudulent representations were made to him to induce him to make such execution and delivery; and that said National Separator Company gave defendant a contract by which it agreed not to assign his said note, and that said note should be void if not paid out of commissions within six months from the date thereof; and though you further believe from the evidence that at the time said note was so executed and delivered by defendant to said National Separator Company, that A. H. Penfield was one of the officers thereof and that at said time he was also president of the plaintiff, The Penfield Investment Company, and that he knew of the circumstances by which defendant was induced to execute and deliver said note, and knew of the contract given defendant by said National Separator Company, still such knowledge on the part of A. H. Penfield would not be knowledge thereof to the plaintiff unless you also believe that said Penfield acquired such knowledge while acting as an officer of the Penfield Investment Company and in the performance of his duties as such officer of the Penfield Investment Company."

We approve of the action of the court in refusing

plaintiff's peremptory request for a verdict. After the defendant had introduced his evidence that the note was procured by fraud, the burden shifted to the plaintiff to show that he had obtained it before due for a valuable consideration and without notice of such fraud. [Hamilton v. Marks, 63 Mo. 167; Keim v. Vette, 167 Mo. 389; Bank v. Hammond, 104 Mo. App. 403.] It was for the jury to say upon the evidence whether plaintiff had shown to their satisfaction that it was an innocent purchaser without notice of the fraud. The jury were not bound to accept the evidence of Penfield as conclusive of the question as there was evidence tending to impeach his veracity, and they were the sole judges of the credibility of his testimony.

The case turns upon the question whether instruction "B," contained the law applicable to the facts to which it referred. In Kearney Bank v. Froman, 129 Mo. 427, it is said: "The law is well settled in this State that knowledge which comes to an officer of a corporation, through his private transactions and beyond the range of his official duties is not notice to the corporation." And: "This is the rule, though the officer obtaining the knowledge was at the time, the managing agent of the corporation." "When one is an officer of two corporations and they have business transactions with each other, the knowledge of the common officer cannot be attributed to either corporation in a matter in which he did not represent it." [Benton v. Bank, 122 Mo. 332.] "Knowledge of the cashier of a bank obtained by reason of his interest and connection with other parties, but not obtained in the performance of any duty he owed the bank is not notice to the bank." [Bank v. Fitze, 76 Mo. App. 356.] "The knowledge of facts which is acquired by the officer of a corporation in the course of his private business and not in his official capacity, does not constitute the knowledge of the corporation, and does not constitute notice to the

corporation." [Manhattan Brass Co. v. Webster G. & Q. Co., 37 Mo. App. 145.] There are other decisions in this State which are in accord with the foregoing.

The respondent however calls our attention to decisions of other States and to certain decisions in this State that he claims will justify the action of the court in refusing said instruction. We will not notice those referred to of other States, as it would serve no useful purpose, but will limit our consideration to the cases decided by the courts of this State. In Carroll v. Railway, 14 Mo. App. l. c. 498, the court said: "But whether the president and directors had such knowledge or not, the corporation, nevertheless, had knowledge; for it is a rule of law that whatever a general agent of a corporation knows, when acting within the scope of his agency touching the business of his agency, is the knowledge of the corporation." The decision is entirely in harmony with those already referred to. In Hayward v. Insurance Co., 52 Mo. 181, the court held that notice to the agent of an insurance company, while his agency existed of subsequent insurance on the same property, was notice to the company. The court said: "A corporation only acts through and by agents, and the proper and only way to give notice to a corporation is to notify an agent, and generally it is sufficient to notify an agent whose proper business is to attend to the matter in reference to which the notice is given." It is not seen that this case has any application to the question under consideration, nor has that of George v. Railroad, 40 Mo. App. l. c. 445. In Chouteau v. Allen, 70 Mo. l. c. 341, SHERWOOD, J., in speaking of the knowledge of Webber the agent of plaintiff said: "Webber's agency being established, his knowledge acquired not only during the continuance of his agency, but also that possessed by him so shortly prior to his employment, as necessary to give rise to the inference that it remained fixed in his memory when the employ-

ment began, must be deemed the knowledge of Chouteau." The language which refers to the knowledge the agent possessed at the time of his employment, recently acquired, being imputed to the principal might be construed as in conflict with the rule otherwise stated that knowledge acquired by the agent in his own private affairs and not in his capacity as agent, is not to be imputed to the principal. But however that may be the doctrine is not the latest expression of our Supreme Court upon the question.

In Stonecutter Co. v. Myers, 64 Mo. App. 527, this court said: "The whole matter is this: W. B. Myers as president and sole manager of the defendant stove company, purchased the machine from the individual W. B. Myers, and at the time said officer acquired and had full knowledge that there was a balance due thereon. This knowledge bound the corporation for whom Myers was acting." The facts were that Myers was not only acting for himself but at the same time he was acting for the corporation. In Bank v. Thomas, 2 Mo. App. 367, it was held: "That notice to a director of a bank of facts affecting the character of negotiable paper is notice to the bank." It was shown that the director of the bank was notified before the note was discounted of the character of the paper and he was present at the board as director when the note was offered for discount and received by the bank. The case is somewhat different from that of Kearney Bank v. Froman, supra, where the knowledge was obtained while the director was not engaged in the business of the bank. We can see nothing inconsistent in the case from the general rule announced in all the cases save and excepting that of Chouteau v. Allen, supra.

The plaintiff also complains of the action of the court in admitting said contract in evidence as it was not shown that Worthman was vice-president of the National Separator Company. It was he who nego-

tiated the entire transaction with defendant for a right to sell the separator in Clinton county. If he was not its agent he had no authority to make the contract and the note in suit would be invalid and plaintiff would have no standing in court whatever. For if the authority for the one was wanting there was no authority for the other. The transaction must be treated as a whole and it must stand or fall together.

For the error of the court in refusing instruction "B" the cause is reversed and remanded. *Ellison, J.,* concurs; *Johnson, J.,* not sitting.