ELLEN HOOVER, APPELLEE, v. JOHN A. JONES, APPELLANT.

FILED JUNE 11, 1909. No. 15,721.

Replevin: EVIDENCE. Where a sheriff seizes personal property under an execution, and a stranger to the process deprives him of his possession by a writ of replevin, the execution, though produced by the officer at the trial of the suit in replevin, is not competent evidence of the officer's possessory rights without proof of the judgment on which such execution was issued.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*R. D. Sutherland* and *Cole & Brown,* for appellant.

*H. H. Mauck* and *Charles H. Sloan, contra.*

ROSE, J.

This was an action by plaintiff to recover from defendant the possession of an undivided three-fifths interest in

140 acres of corn in the field, valued at $400. In his answer defendant pleaded, in substance, that when the corn was taken from him under the writ of replevin he was lawfully holding possession of it as sheriff of Nuckolls county, having previously seized it by virtue of three executions as the property of S. E. Hoover, the husband of plaintiff herein. The executions were issued out of the district court for Nuckolls county on three separate judgments which had been removed thereto by transcripts from inferior courts. The judgments were pleaded in the answer, and their existence was denied by plaintiff's reply. In the suits in which they were rendered, S. E. Hoover was the only defendant. His wife was not a party to the suits, judgments or executions. The real controversy was between the judgment creditors and plaintiff. She insisted the corn belonged to her. The sheriff, who acted under the executions in the interests of the judgment creditors, contended that her husband was owner and that the property was subject to execution for the payment of his debts. On the issue of fact as to ownership and right of possession, the jury found in favor of plaintiff, and from a judgment on the verdict defendant appeals.

In seeking a reversal defendant argues that the evidence is insufficient to sustain the verdict, and also complains of errors in the instructions to the jury. Plaintiff suggests that all of the assignments of error presented are immaterial for the reason there is no evidence in the record to justify a return of the property to the sheriff or to show his right to possession, the judgments not having been proved except by the executions which, as she argues, are not competent for that purpose. If this point is well taken, the judgment in her favor herein must be affirmed, since seizure by defendant under executions issued on valid, unpaid judgments is the only justification for his possession of the corn.

The executions were offered in evidence without proof of the judgments, and admitted over proper objections by plaintiff. A judgment, when scrutinized as evidence, may

show on its face that it has been paid; that it is void; that it has been assigned to one not seeking to enforce it; that its enforcement has been enjoined; that it has been canceled; that it has been reversed or superseded, or that for some other reason it is not enforceable by execution. Inherent defects in a judgment do not appear on the face of an execution issued thereon. For these and other reasons, the general rule that an execution cannot be received in evidence without proof of the judgment on which it was issued is everywhere recognized. There is an exception to the rule, however, in favor of a sheriff who is required to serve the processes of the courts. In levying on property of a defendant under an execution regular on its face and issued by a court of competent jurisdiction, a sheriff is not obliged to ascertain at his peril that the judgment on which the writ was issued is valid and unpaid. When called to account as a tort-feasor for such action, he may produce the writ to protect himself from personal liability without proof of the judgment. *Muller v. Plue,* 45 Neb. 701. This exception to the general rule is necessary to the proper administration of justice. A sheriff must necessarily obey the directions of the courts without waiting to investigate the validity of their decrees. The efficacy of a judgment to satisfy a debt may depend upon the immediate seizure of the property of the defendant; and for his own protection, when sued as a trespasser, the sheriff may be permitted to produce the writ without proving the judgment. The right to do so, however, is a mere personal privilege of the officer. It does not extend to litigants or strangers, and the parties in whose behalf the sheriff acts cannot make use of the privilege to change the rules of evidence in establishing their possessory rights or title to property. *Beach v. Botsford,* 1 Doug. (Mich.) 199.

It is apparent from an inspection of the record herein that the reasons for the exception to the general rule do not apply to the present controversy. If the verdict is justified in point of fact, the sheriff levied on the property

of plaintiff, a stranger to the executions. Afterward she took it from him by replevin. He demanded its return, and pleaded facts showing his right of possession through executions issued on judgments against her husband. He could not deprive plaintiff of her property under the executions, if the judgments for any reason were unenforceable. She denied his allegations as to the judgments, and his only proofs of their existence are the executions. Defendant's liability as a trespasser in seizing the corn was not the issue in the action of replevin. The question at issue was the right of possession when the suit in replevin was instituted. The foundation of the seizure under which the sheriff held the property was the judgments, which, under the rules of evidence, could not be proved by executions issued thereon. When sued as a trespasser, the attitude of a sheriff is personal and defensive. As a defendant in replevin, his position is different. In the present case he asserted the rights of the judgment creditors and demanded affirmative relief, seeking a return of the property, and should have established by competent proof the judgments, which were the basis of his possession. The executions were not admissible for that purpose without proof of the judgments. *Muller v. Plue,* 45 Neb. 701; *Beach v. Botsford,* 1 Doug. (Mich.) 199; *Gidday v. Witherspoon,* 35 Mich. 368; *Andrews v. Smith,* 41 Mich. 683; *Ramsey v. Waters,* 1 Mo. 406; *Wilson & Gibbs v. Conine,* 2 Johns. (N. Y.) *280; *State v. Records,* 5 Har. (Del.) 146; *Campbell v. Strong,* Hemp. (U. S. C. C.) 265.

Defendant having failed to show his right of possession by proper evidence, the judgment against him must be

AFFIRMED.