## THE GREGMOORE ORCHARD COMPANY, Appellant, v. J. T. GILMOUR, Respondent.

### Springfield Court of Appeals, November 6, 1911.

1. **ESTOPPEL: Principal and Agent: Notice: Personal Property.** Where a servant in charge of personal property belonging to his master has no authority over the same, except to use and care for it, his act in pointing the property out to an officer as belonging to a third person and in permitting the officer to levy an execution against the other party upon said property, without protesting against said levy, will not estop the true owner from afterwards claiming title to the property, and this is especially true where it appears that the servant may have believed that the property actually belonged to the other party.

2. **CORPORATION: Notice: Officer's Private Transaction.** Knowledge coming to an officer of a corporation through his private transactions and beyond the range of his official duties is not notice to the corporation, and this is the rule, though the officer obtaining the knowledge was at the time the managing agent of the corporation.

3. ————: ————: **Officer Dealing with Corporation.** Where an officer of a corporation is dealing with it in his individual interests, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to its title to the property, which is the subject of the transaction.

4. ————: ————: **Officer's Private Transaction.** A judgment was had and an execution issued against the vice-president of a corporation and property owned by the corporation and in its possession was levied upon as belonging to the vice-president. The vice-president had told the defendant, who purchased the property at the execution sale, that he had bought the property of the corporation, but this conversation was held when the vice-president was talking about his individual obligation and had nothing to do with his official duties. *Held*, that this was not notice to the corporation that the vice-president was claiming to own the property.

5. ———: ———: **Notice to Servant.** Notice to a hired hand on a farm belonging to a corporation that some one else is claiming the title to personal property in the possession of the corporation, and of which the hired hand had the care and custody, is not notice to the corporation of such claim.

6. **ESTOPPEL: Sale of Property: Owner Letting Property Sell as Belonging to Another.** Where a person stands by at a judicial sale when his property is being sold as the property of another, and makes no objection but permits the purchaser to buy the same, believing that it belongs to the other party, he will be estopped from claiming the property against such purchasers; but the real owner is not estopped by merely failing to attend the sale and failing to cause notice to be given to the purchaser.

7. ———: **Full Knowledge of Facts.** To constitute an estoppel the person against whom it is claimed must be fully advised of all the facts and with such knowledge must make the declarations or perform the acts which are relied on by the party seeking to make out the estoppel.

8. **PRINCIPAL AND AGENT: Evidence: Authority of Agent: Admissions.** There must be a prima facie showing of an agent's authority by other evidence before his admissions can be admitted in a suit against the principal.

9. **REPLEVIN: Estoppel: Personal Property: Principal and Agent: Corporations: Instructions.** In a replevin suit brought by a corporation against the purchaser of personal property bought under execution against the vice-president of the corporation, where the property sold belonged to the corporation and not to the vice-president, the defense in the replevin suit being that the corporation was estopped from now claiming title to the property. The instructions given on behalf of defendant on the questions of estoppel and the authority of the officers and servants of the corporation are reviewed in full and criticised.

10. **JUDICIAL SALES: Title: Purchase Must Show Valid Judgment and Execution.** Where a sale under an execution is relied on as a source of title, the party basing his title thereon must show a valid judgment as well as an execution.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*M. E. Morrow* for appellant.

(1)   The purchaser at execution sales must look to the judgment, execution and levy.   If all these are valid, his title will be protected.   If void, his title may be attacked collaterally.   Morrison v. Dent, 1 Mo. 246; Hewitt v. Weatherly, 57 Mo. 276; Saunders v. Rains, 10 Mo. 771; Janney v. Spedden, 38 Mo. 395; Abbot v. Sheppard, 44 Mo. 273; Howard v. Thornton, 50 Mo. 291; 17 Cyc. 1286, 1308; Gray v. Hawes, 8 Cal. 562; Wooters v. Joseph, 137 Ill. 113.   (2)   Neglect to speak or act will not raise an estoppel in pais, when the party against whom it is invoked did not know the facts which, if known, made it his duty to speak. Galbreath v. Newton, 30 Mo. App. 380.   (3)   And the party against whom it is invoked must have been fully apprised of all the facts before estoppel will work against him.   It is not sufficient that he had knowledge of only a part of the material facts; or that he had received such word and notice as would put "a reasonably prudent man upon inquiry," as the jury was told in this case in respondent's instruction No. 2.   Foley v. Boulware, 86 Mo. App. 680; 2 Herman on Estoppel, secs. 944, 1064; Burke v. Adams, 80 Mo. 514; Sharp v. Bank, 87 Ala. 650; Hequembourg v. Edwards, 155 Mo. 514; Tennent v. Ins. Co., 133 Mo. App. 365.   (4) The silence, words or acts, to be the basis of an estoppel, must have been made with an intention to mislead and deceive.   Blodgett v. Perry, 97 Mo. 263; Burke v. Adams, 80 Mo. 504; 16 Cyc. 1205.   (5)   The pointing out of property to an officer for seizure by the servant of the owner, will not estop the true owner from setting up his claim.   Oil Co. v. Richmond, 6 Bosw. (N. Y.) 213.   (6)   No estoppel arises where the misrepresentation is founded upon ignorance or innocent mistake. Frederick v. Railroad, 82 Mo. 402; Huffman v. Nixon, 152 Mo. 303; Burk v. Adams, 80 Mo. 504; Acton v. Dooley, 74 Mo. 63.   (7) In order that the real owner

of personal property may be estopped to assert his title against one who has dealt with the apparent owner on faith of his claimed and apparent ownership of, or authority over it, something more is required than mere possession on the part of the apparent and claimed owner. There must be a fraudulent or deceptive purpose in view on the part of the true owner. Blodgett v. Adams, 97 Mo. 263; Burke v. Adams, 80 Mo. 504; Freeman v. Flood, 16 Ga. 528; Everson v. Sinclair, 110 Iowa, 135; Peters Box Co. v. Lesh, 119 Ind. 98; Van Horn v. Overman, 75 Iowa, 421; Craig v. Ward, 9 Johns, (N. Y.) 197; 16 Cyc. 776. (8) The principal is estopped to deny the authority of an agent having limited powers unless the principal has fraudulently authorized the agent to make the alleged misrepresentations. Bigelow on Estoppel, 598; Lumber Co. v. Kreeger, 52 Mo. App. 418; Helm v. Railroad, 98 Mo. App. 425. (9) Knowledge that comes to an officer of a corporation through his private transactions and not in his official capacity, is not knowledge to the corporation, even though he is the managing agent of the corporation at the time of obtaining the knowledge. Invest. Co. v. Bruce, 132 Mo. App. 257; Bank v. Froman, 129 Mo. 427; Benton v. Bank, 122 Mo. 339; Bank v. Lovitt, 114 Mo. 519; Johnson v. Shortridge, 93 Mo. 227; Brass Co. v. Webster, 37 Mo. App. 145; Bank v. Fritze, 76 Mo. App. 356. (10) An instruction which directs a verdict for one of the parties, to be free from prejudicial error, should contain all the ingredients essential to the right to a recovery under the pleadings and evidence. It should not single out certain facts which may have a tendency to establish one side. It should submit the case upon the theory of both parties. Bolles v. Railroad, 134 Mo. App. 704; Percell v. Railroad, 126 Mo. App. 43; Budd v. Hoffheimer, 52 Mo. 297; Boothe v. Log, 83 Mo. App. 601; Hohstadt v. Dagg, 50 Mo. App. 240. (11) Instructions which single out facts for emphasis, or leave

out of view other relevant facts, are erroneous. Gibler v. Railroad, 129 Mo. App. 102; Chouquette v. Barada, 28 Mo. 491; Railroad v. Stock Yards, 120 Mo. 541; Mead v. Brotherhood, 30 Mo. 201; Bank v. Metcalf, 29 Mo. App. 384; Crews v. Lackland, 67 Mo. 619; Imboden v. Trust Co., 111 Mo. App. 242.

*J. L. Van Wormer* and *J. N. Burroughs* for respondent.

(1)   It was not necessary to prove the agency of Billings by direct evidence, as the agency may be implied or inferred from the words and conduct of the parties and the circumstances of the case and may not be established by direct proof of that fact.   Mitchen v. Dunlap, 98 Mo. 418, 11 S. W. 989; Hull v. Jones, 69 Mo. 587; Brooks v. Jamison, 55 Mo. 505; 31 Cyc. 1217; Reynolds v. Railroad, 114 Mo. App. 670, 90 S. W. 100; Johnson v. Husley, 115 Mo. 513, 22 S. W. 492; Phelps v. Mfg. Co., 129 Mo. App. 396, 107 S. W. 471; Sandifer v. Lynn, 52 Mo. App. 553; Padley v. Catterlin, 64 Mo. App. 629; Nelson v. Railroad, 66 Mo. App. 647; Harris v. Board of Trade, 81 Mo. 137.   (2)   It is a general rule when a principal by any acts or conduct has knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances.   Bank v. Ins. Co., 145 Mo. 127, 46 S. W. 615; Summerville v. Railroad, 62 Mo. 391; De Baun v. Atchison, 14 Mo. 543; Advt. Co. v. Wanamaker, 115 Mo. App. 270, 60 S. W. 737; Hefferman v. Boteler, 87 Mo. App. 316; Suddarth v. Lime Co., 79 Mo. App. 585; Haubit v. Mill Co., 77 Mo. App. 672; Morse v. Diebald, 2 Mo. App. 163; 31 Cyc. 1235; Hackett v. Van Frank, 105 Mo. App. 384, 79 S. W. 1013; Horn v. Drew, 83 Tex.

77, 18 S. W. 434.    (3)   The law imputes to a principal
and charges him with all notice or knowledge relating
to the subject-matter of the agency, which the agent
acquires or obtains while acting as such agent, and
within the scope of his authority.   Mechem on Agency,
sec. 721; State ex rel. v. Stitlinton, 51 Mo. App. 257;
Fowler v. Randall, 99 Mo. App. 407, 73 S. W. 931.
(4)   And this whether the agent has disclosed his
knowledge or information to the principal or not.   The
law conclusively presumes he had done this and
charges the principal accordingly.   The Distilled Spirit,
11 Wall 367;  20 Law. Ed. 167;  Hickman v. Greene,
123 Mo. 165, 22 S. W. 455.    (5)   The plaintiff cor-
poration was charged with all the notice and knowl-
edge possessed by Billings and Courrier or either of
them as a principal is charged with all notice or knowl-
edge relating to the subject-matter of an agency,
which comes to the agent.   Fowler v. Randall, 99 Mo.
App. 407;  Edwards v. Ins. Co., 100 Mo. App. 695;
Kyle v. Goff,. 105 Mo. App. 672.    (6)   The business
of Courrier and Billings was to care for and protect
the property in their charge and custody and cor-
porations are charged with knowledge of its agents in
transacting business in its charge.   Wheeler v. Stock
Yards, 66 Mo. App. 260.    (7)   Notice of facts to an
agent is constructive notice to the principal himself,
when it arises or is at the time connected with the sub-
ject of the agency.   Mechem on Agency, sec. 140;
Wheeler v. McGiven, 86 Ala. 898;  Bank v. Lovett,
114 Mo. 579;  Meyer v. Old, 57 Mo. App. 639;  Hyatt
v. Clark, 118 N. Y. 536; Wheeler v. Stock Yards, 66 Mo.
App. 272.    (8)   Where a corporation has permitted
one of its agents to so act with reference to the affairs
of the corporation as to lead a third party to suppose
that said act was within the scope of the powers con-
ferred upon him   the corporation will be bound,
though the agent has in fact exceeded his delegated

powers. Law. Rep. Co. v. Grain Co., 135 Mo. App.
15, 115 S. W. 475; Rice v. Groffman, 56 Mo. 434;
Kingsley v. Fitts, 51 Vt. 414; St. Louis Gunning Co.
v. Wanamaker, 115 Mo. App. 287; Railway v. Rail-
way, 110 Mo. App. 330; Reynolds v. Railroad, 114
Mo. App. 300. (9) A third person who fails to as-
sert his title or right at a forcelosure sale will be estop-
ped to assert his claim against one who in ignorance of
the facts has relied on his conduct. Bradley v.Luce,
99 Ill. 234; Walker v. Mottomley, 110 Mich. 127, 67
N. W. 1083; Wilson v. Sheffbillich, 30 Minn. 422, 15
N. W. 876. (10) By clothing Courrier with apparent
title to the property in question, plaintiff cannot now
claim same to the injury of defendant, an innocent
purchaser, for value for the owner of property may,
by clothing another with apparent title thereto, or
with apparent authority over it, estop himself to deny
such title or authority. George v. Summerville, 153
Mo. 7, 54 S. W. 491; Reischeck v. Klingenhoefen, 91
Mo. App. 430; Snodgrass v. Emory, 66 Mo. App. 462;
Bank v. Waterhouse, 70 Conn. 76; Delfosse v. Bank,
98 Ill. App. 123. Where a person stands by and sees
another about to commit or in the course of commit-
ting an act of infringing upon his rights and fails to
assert his title or right, he will be estopped, after-
wards, to assert it. Price v. Hallett, 138 Mo. 561,
38 S. W. 451; Oliver v. Beard, 72 Mo. App. 181;
State v. Staed, 65 Mo. App. 487; Dameron v.
Jamison, 143 Mo. 483, 45 S. W. 258; Ingals v.
Ferguson, 138 Mo. 358, 39 S. W. 801. (12) Plaintiff,
the owner of the property, stood by that is, had
knowledge of the fact that a third person was sell-
ing it under claim of title, without asserting its own
title or giving the purchaser any notice thereof, is es-
topped as against such purchaser from afterwards
asserting his title. Guffey v. O'Reilly, 88 Mo. 418;
Skinner v. Scouse, 4 Mo. 93; Reiss v. Hanchett, 141
Ill 419, 31 N. E. 165; McConnell v. People, 84 Ill. 583;

Morford v. Bliss, 12 D. Mon. 255; Arnold v. Stevens, 17 S. W. 859; Conklin v. Wehrman, 38 Fed. 874; 19 Cent. Dig. sec. 279; 16 Cyc. 764; Gatlin v. Rodman, 6 Ind. 280; 15 Current Law, 1696; Dudley v. Strain, 130 S. W. 775; Mangold v. Bacon, 229 Mo. 459, 130 S. W. 23. (13) In negotiating for the property in question and in claiming to have purchased same, Courrier was acting for the company as well as himself, and when this is the case the rule that when an officer of a corporation deals with it in his individual interest the corporation is not chargeable with his uncommunicated knowledge of facts as to the property involved, applies when the officer is dealing with another officer representing the corporation, but does not apply when such officer acts for the corporation as well as himself, in wlich case the corporation is bound by his knowledge. Stone Cutter Co. v. Meyers, 64 Mo. App. 527; Caroll v. Railroad, 14 Mo. App. 498; Haywood v. Ins. Co., 52 Mo. 181; 14 Am. Rep. 400; Bank v. Thomas, 2 Mo. App. 367; George v. Railroad, 40 Mo. App. 445; Chouteau v. Allen, 70 Mo. 341. (14) Notice means knowledge of any facts that would put an ordinary prudent man on inquiry and a party will be as much bond by notice given to his agent as if it were given to himself personally. Meir v. Blueme, 80 Mo. 179; Hedrick v. Beeler, 110 Mo. 91, 19 S. W. 492; Keiser v. Hingle, 127 Mo. App. 62, 106 S. W. 98; Speck v. Riggin, 40 Mo. 405; Sensendefer v. Kemp, 83 Mo. 588; Eck v. Hatcher, 58 Mo. 235; Leavitt v. LaForce, 71 Mo. 356.

GRAY, J.—This action was commenced by a Missouri corporation to recover the possession of certain personal property, consisting of office furniture and farm tools, which plaintiff had on its farm in Howell county, and claimed to be the owner thereof. The home office of the corporation at the times mentioned herein, was in St. Louis, and John Moore was its presi-

dent and George Currier its vice-president. Some time prior to September 6, 1910, an execution was issued on a judgment for fifty dollars, alleged to have been rendered by a justice of the peace, in favor of John Soots, and against said Moore and Currier. Under this execution the constable levied upon and sold the property in controversy as the property of said Currier and Moore, and the defendant herein purchased the same at such sale. The fact that the property at one time belonged to plaintiff is not disputed, and the main question in this case is whether plaintiff is estopped by its knowledge and conduct from asserting title to the property.

The evidence shows that plaintiff owned a farm in Howell county, and the personal property in controversy was used on the farm. One Billings was in charge of the property for plaintiff, but if he had any authority except to use and care for the property as the servant of plaintiff, it was not shown at the trial. The officers of the corporation testified that Billings had no authority to dispose of or to make any statements relating to the ownership of the property. The evidence which respondent claims supports the estoppel theory, is, in substance, as follows: The constable who had the execution, testified that when he went to make the levy, he found Billings in charge; that Billings told him he thought he could settle the matter if he could see Currier; that he left the property in Billings' charge until the latter could communicate with Currier; that he again saw Billings, who informed him he had been unable to see Currier, and thereupon he demanded of Billings the amount of the execution, and Billings replied he did not have the nomey, whereupon he demanded property, and Billings said to him: "All right, I will show you where there is property," and he did so.

The defendant testified that some time previous to the sale, Currier told him he owned all the property

and wanted to get the judgment against him settled. John Soots, the plaintiff in the execution, testified that he saw a letter from Currier to Billings in which Currier claimed he had bought the proprety.

We gather from the record that other persons bought some of the property that was sold at the constable's sale, and the same was replevined in a suit before a justice of the peace, and Currier was a witness. The testimony shows at such trial Currier admitted that he had written to Billings, but stated that the trade was never consummated.

John Evans testified that about the time the constable first levied on the property, he received a message from Billings for Currier that the property was about to be attached, and that he communicated the same to Currier, who said that it was corporation property.

The cause was tried before a jury, resulting in a judgment in favor of the defendant, from which the plaintiff appealed to this court.

The main question relates to the sufficiency of the evidence to authorize the court to submit the question of estoppel to the jury. The property was on the farm of the plaintiff and in its possession. At that time Currier, the vice-president, told the defendant herein that he had bought the property of the corporation. It is claimed by the respondent that this was notice to the corporation that Currier was claiming to have purchased its property. In making this declaration, Currier was not representing the corporation, but his own individual interests, and the declaration was adverse to the interests of the corporation. It is well settled in this state that knowledge which comes to an officer of a corporation, through his private transactions, and beyond the range of his official duties is not notice to the corporation. This is the rule, though the officer obtaining the knowledge was at the time the managing agent of the corporation.

[Benton v. German-American National Bank, 122 Mo. l. c. 339, 26 S. W. 975, and authorities there cited; Investment Co. v. Bruce, 132 Mo. App. 257, 111 S. W. 888; Bank v. Froman, 129 Mo. 427, 31 S. W. 769; Bank v. Lovitt, 114 Mo. 519, 21 S. W. 825.]

In Benton v. Bank, supra, the court said: "The law is well settled that, when an officer of a corporation is dealing with it in his individual interest, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property which is the subject of the transaction."

At the time the declaration was made to the defendant, Currier was talking about his individual obligation to Soots, and that transaction had nothing to do with his official duties as vice-president of the plaintiff corporation; and therefore, notice to him that he was claiming to own the property, was not notice to the corporation of his claim.

It is next claimed that Billings had notice that Currier had said he had bought the property, and this was notice to the corporation. Billings was not a stockholder or general agent of the corporation, but was simply a hired hand on the farm, and it cannot be said that notice to him was notice to the corporation. [King v. Rowlett, 120 Mo. App. 120, 96 S. W. 493.]

The case just cited was an action by the landlord against the purchaser of the tenant's crops to recover the rent. The purchaser had a hired man whose duty it was to weigh and receive the grain. This hired man had knowledge that the crops sued for were grown on plaintiff's land, and it was claimed that notice to the hired man was notice to the purchaser. The Court of Appeals refused to so hold, and declared to the contrary.

If the plaintiff is estopped, it must be from the fact of its conduct after learning that the property had been seized on execution, and was about to be sold as the property of Currier. The evidence is not clear

as to what time the company received knowledge of that fact. Some time after the property was levied on, the evidence shows that Billings attempted to get word to Currier, but was unable to find him, and left word with one Evans, and what Evans told Currier is in the following language: "I just remember that Billings sent word that they were going to attach that stuff and Currier said they knew it was corporation stuff and couldn't attach it." When this information was conveyed to Currier, the record does not disclose. The witness, Evans, testified that Billings either phoned to him, came down or wrote to him, but he did not know when it was with reference to the day of sale. He also testified that he understood it to be an attachment suit which was about to be commenced.

On the part of the plaintiff, Braden, its secretary, testified that on the 6th day of September, 1910 (the day of the sale), Currier presented at the company's office a letter received that day, informing him of the levy and intended sale; that Currier was instructed by Mr. Moore, the president, to send a telegram to Billings to stop the sale of the property. There was no evidence that Billings received such telegram, or that he or any other person representing the corpora-, tion was present at the sale.

The general rule is, that a person who stands by at a judicial sale when his property is being sold as the property of a third person, and makes no objection, but permits purchasers to buy the same, believing that the property belonged to such third person, will be estopped from claiming the property against such purchaser. [Skinner v. Stouse, 4 Mo. 93; Manning v. Coal Co., 181 Mo. l. c. 376, 81 S. W. 140; Austin v. Loring, 63 Mo. 19.]

The respondent claims because Billings showed the property to be levied on to the constable, and caused word to be sent to Currier that the property was about to be attached, and that the corporation did not

attend the sale or cause notice to be given thereat of its ownership of the property, that such facts constitute evidence upon which to submit the issue of estoppel to the jury. If these things were all true, it is very doubtful if they would be sufficient to authorize the submission of the issue. In the first place, the evidence does not show that Billings knew that the property was being levied on as the property of Currier, and neither does it show that Billings' duties with the corporation were such that his act in showing the property to the constable as the property of Currier, was binding on the corporation. The burden was on defendant to make out the estoppel, and it was upon him to show that Billings was authorized to bind the company in these matters. [Midland Lbr. Co. v. Kreeger, 52 Mo. App. 418; Helm v. Railroad, 98 Mo. App. 419, 72 S. W. 148.]

In the Helm case the court said: "There must be a prima facie showing of an agent's authority by other evidence before his admissions can be admitted. It is not every statement or admission which an agent may chance to make that is binding upon the principal." And in Bigelow on Estoppel, 598, it is declared that a principal is not estopped to deny the authority of an agent having limited powers by representations of the agent, if the principal has not authorized the agent.

In weighing the acts of Billings, there is another important thing to be considered. The defendant introduced testimony showing that Currier had written to Billings that he had bought the property, and therefore, for all that appears in the evidence, Billings may have believed that the property belonged to Currier. To constitute an estoppel, the person against whom it is claimed must be fully advised of all the facts, and with such knowledge, must make the declarations or perform the acts relied on. [Smith v. Hutchinson, 61 Mo. 83; Taylor v. Zepp, 14 Mo. 482; Burke

v. Adams, 80 Mo. 504; Newman v. Hook, 37 Mo. 207.]

A person is not estopped from claiming title to property sold at execution sale as the property of another because he failed to attend the sale and cause notice to be given to the purchaser. [Newman v. Hook, 37 Mo. 207; Guffey v. O'Reilly, 88 Mo. l. c. 429; Blodgett v. Perry, 97 Mo. l. c. 273, 10 S. W. 891; Bragg v. Boston Ry. Co., 9 Allen (Mass.) 54; Bigelow on Estoppel, 503.]

In Newman v. Hook, supra, our Supreme Court said: "If Moore had been present when the sale was made, consenting to it, and thereby disclaiming title himself and inducing the plaintiff to purchase, there would be strong reasons in the absence of fraud for estopping his creditors from setting up his title. But the mere fact that he simply acquiesced in the sale made by a stranger of his property ought not to conclude him from setting up his title afterwards, unless he had full knowledge of his title at the time he yielded the possession."

Instruction No. 1, given for respondent, declared that if Currier was vice-president and general manager, and by his declarations led the officers and purchasers at the sale to believe the property was his individual property, then the finding should be for the defendant. This instruction was highly prejudicial. It wholly ignored the question as to whether Currier, in making such declarations, was acting for himself and against the corporation, or in the performance of any duty required of him as vice-president and general manager.

Respondent's second instruction declared if Currier had knowedge of the levy in time to have notified purchasers, or if he received such word as would put a reasonably prudent man upon inquiry, then the jury were authorized to find that plaintiff had notice of the levy, and if it failed to give notice of its interest at the sale, it was estopped, and the finding should

be for the defendant. As we have above stated, the mere failure to attend the sale and give notice did not estop plaintiff to assert its title against the defendant.

The third and fifth instructions given in behalf of the respondent, contain the same error.

The fourth instruction told the jury if Billings was in charge of the property as agent of the plaintiff, with power to manage and control the same, and that he had knowledge of the levy in time to have notified plaintiff so that plaintiff could have stopped the sale or have given notice of its interest to the purchasers, then plaintiff was bound by notice to Billings, and would be estopped from claiming the property, although Billings neglected to give plaintiff notice of the levy. This instruction was wrong because there was no evidence of Billings' authority on which to base the same, and second, for the reasons assigned against the correctness of instructions two and three.

Respondent's sixth instruction is also erroneous. It is not based on any facts in the case, and as an abstract proposition of law, is too general, and under the issues in this case, very misleading.

The seventh instruction given in behalf of the respondent, reads as follows: "The court instructs the jury that if you find from the evidence that George Currier was general manager of the Gregmoore Orchard Company, and that George Billings was the agent of said company then the acquiescence, silence, conduct, knowledge and acts, declarations and statements if any, of said Currier and Billings, or either of them, in relation to the ownership, levy and sale of said personal property were the acts, conduct, knowledge, silence and acquiescence and declaration of said company and it is bound by same." This instruction was clearly wrong from every point of view. The statement of Currier to the defendant that he had purchased the property, according to this instruction, had the effect of transferring, absolutely, the property

of the corporation to Currier. According to this instruction, if Billings was the agent of the company in any capacity, then his silence, conduct and declarations bound the company, and by such action he could transfer the corporation's assets.

The defendant does not claim that Currier purchased the property from the corporation, but rather, that the corporation lost its property by its act and conduct in permitting and allowing Currier to deal with it as his own and by remaining silent when it knew, or ought to have known, that defendant was purchasing the property believing it belonged to Currier. In order to make this defense it was necessary for defendant to prove that he had directly or indirectly acquired Currier's interest in the property. To make this proof he called the constable, who testified that he had an execution and sold the property under it, but the execution or judgment of the justice was not offered in evidence. In a very early period of the judicial history of this state, it was held that where a sale under an execution is relied on as a source of title, the party basing his title thereon must show a valid judgment as well as an execution. [Ramsey v. Waters, 1 Mo. 406.] And this is the general rule. [York v. Roberts, 8 Mo. App. 140; Spengler v. Kaufman et al., 43 Mo. App. l. c. 10; Cobby on Replevin, sec. 1013; Hoover v. Jones, 121 N. W. 975; Beach v. Botsford, 1 Doug. (Mich.) 199, 40 A. D. 45.]

Under the evidence contained in the present record, the defendant failed to establish the defense of estoppel, and unless on another trial additional testimony on this issue is secured, the trial court should declare as a matter of law, that this defense has failed. The judgment will be reversed and the cause remanded. All concur.